Margot SPILLER, Charles Sobeck, Kofi Amesawu, Delton W. Behrens, James D. Bettis, Reba Bhattacharjee, Kim D. Bremer, Charles Bryson, Robert L. Cherry, Tom Cheshire, James W. Fisher, Charles Fougerat, Cheryl Franklin, John L. Griffin, William W. Hamby, Renee Jones, Janis Kemp, Freddie Maxwell, Lane Moore, Walter Muehlhause, George Neher, Ruel D. Norman, Janice K. Roling, Philip Samuelson, Mary Serrano, Greg Smith, Charles Spinn, and Lynn Vaughan, Appellants,

v.

TEXAS DEPARTMENT OF INSURANCE, Georgia Flint, Elizabeth Throgmorton, Allene D. Evans, Richard E. Reynolds, and Claire Korioth, Appellees.

No. 03–96–00393–CV.

Court of Appeals of Texas, Austin.

July 24, 1997.

Rehearing Overruled Aug. 28, 1997.

Dan Morales, Attorney General, James Todd, Assistant Attorney General, General Litigation Division, Austin, for Appellees.

Before ABOUSSIE, KIDD and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Employees fired by the Texas Department of Insurance appeal the trial court's resolution of the parties' cross-motions for summary judgment. At trial, appellants challenged the reduction in force on several fronts; the issue relevant to this appeal is their contention that the reduction was void because the State Board of Insurance, the Department's supervisory body, approved it in an illegally closed meeting. Appellants raise nine points of error. Eight are variations on the theme that the trial court, though correctly finding a violation of the Open Meetings Act, erred by concluding that the reduction in force was not void; by the ninth, appellants contend that the court should have awarded them attorney's fees for proving the Open Meetings Act violations. We will affirm the trial court's judgment.

## BACKGROUND

Under the statute in effect at the time of the reduction, the State Board of Insurance was the policy-making body in charge of the Department of Insurance. Act of June 6, 1991, 72d Leg., R.S., ch. 242, § 1.02, 1991 Tex. Gen. Laws 939, 941 ("Old Ins.Code" art. 1.04(b)). The Board was required to act through the commissioner, whom it appointed to act as the chief executive and administrative officer of the Department; the commissioner served at the Board's pleasure. Old Ins.Code art. 1.09(a). The commissioner was charged with appointing deputies, assistants, and other personnel necessary to carry out the duties and functions devolving upon the commissioner and the department. Old Ins.Code art. 1.09(f).

In 1991, the Board—Claire Korioth, Richard Reynolds, and Allene Evans—decided to increase its participation and "team manage" the agency along with the commissioner. The Board believed the Department needed

D. Douglas Brothers, Brothers & Thomas, Austin, for Appellants.

a reduction in force, and was concerned that Philip Barnes, Commissioner Georgia Flint's predecessor, had not proceeded apace with the reduction. Barnes left the Department in November 1991. In closed sessions in December 1991 and January 1992, the Board heard presentations on proposed reductions in force. Topics discussed at the January meeting included Flint's contacts with various state officials about the reduction, the need to ensure that the standing of various minorities had been considered in implementing the reduction, and plans for security to implement the reduction.

Flint and Elizabeth Throgmorton, the Department's human resources director, said that the Board approved the reduction at the January 1992 meeting. The reduction-related terminations occurred without opportunity for hearing despite the Board's written policies for reductions. Floyd Bermea, a human resources employee, testified that the Board would not need to approve the procedures of the reduction. Korioth said that Flint told them of the impending firing of more than ninety (unnamed) employees. Korioth assented to the reduction and said she heard no objection from any Board member. She agreed that the purpose of the January session was to let the Board raise any questions or objections to the commissioner's plan.

Six days after the January meeting, appellants and sixty others were fired and asked to leave the office immediately under armed escort. Appellants filed suit with several different claims that have followed a complex route through the federal and state court systems. Appellants sought summary judgment, in part, that the reduction be declared void, that evidence of its existence be expunged from their employment records, and

that they be awarded back pay, benefits, and attorney's fees.

The trial court found that the Board violated the Open Meetings Act at the December and January meetings by posting a generic, overly broad, and imprecise notice of the subject of the meetings; discussing personnel matters in a way not excepted from the Act; and failing to keep tape recording or certified agenda. The court nevertheless held that the reduction was not an *action* taken by the Board at either of the improper meetings because the reduction properly fell within the authority of the insurance commissioner, not the Board. The court denied appellants' motion for summary judgment and granted the appellees' motion, holding that the reduction was valid regardless of the validity of the Board's actions.

## DISCUSSION

Appellants' first eight points assert variations on the theme that the trial court erred by awarding judgment to the appellees and not to the appellants.[1] We review the summary judgment evidence to determine whether the movant established the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). We view the evidence and its reasonable inferences in the light most favorable to the nonmovant and resolve all doubts about the existence of a genuine issue of a material fact against the movant. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). We review crossmotions for summary judgment under this standard and may reverse the trial court judgment and render such judgment as the trial court should have ren-

---

1. By their first point, appellants assert that the court erred by not granting appellants declaratory relief that the reduction was void and reinstatement, back wages, benefits, and attorney's fees. By their other points, in numerical order, they assert that the court erred by granting summary judgment to appellees because (2) the reduction was void because it was based on Board actions or decisions about the reduction made in violation of the Open Meetings Act; (3) genuine issues of material fact exist as to whether the Board took action or made decisions about the

reduction; (4) the Board's authority to approve the reduction rendered the reduction void; (5) the Board's authority to direct the commissioner to undertake the reduction rendered the reduction void; (6) the Board's deliberation with the commissioner on the reduction rendered the reduction void; (7) the reduction was void because it was undertaken in furtherance of deliberations held in violation of the Open Meetings Act; and (8) there was a genuine issue of material fact as to whether the reduction was in furtherance of the Board's deliberations.

dered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

Because appellees raise no cross-points of error against the trial court's conclusion that the Board violated the Open Meetings Act, we will not disturb those holdings.[2] Actions taken in violation of the Act are voidable. Tex. Gov't Code Ann. § 551.141 (West 1994). We must determine whether the voidable actions of the Board rendered otherwise valid actions by the commissioner void.

■ We hold as a matter of law that the commissioner had the independent power to fire the employees. The insurance code gave the commissioner authority to hire employees as necessary to carry out the duties and functions of the department. Old Ins.Code art. 1.09(f). The commissioner also was charged with monitoring their performance. Old Ins.Code art. 1.09(h). A reasonable implication of the power to hire necessary employees is the power to fire them when they are not necessary. Former commissioner Barnes stated at his deposition that he would not have sought Board approval for the reduction in force, though he probably would have informed them of its imminence. He said he would hope for their concurrence, but would have considered proceeding even in the face of their direction not to undertake the reduction. He considered the reduction one of the decisions that the Board had a right to be informed of but not to decide. There was no evidence that contradicted his interpretation of the statute.

■ The commissioner's independent power to fire appellants makes the validity of the Board's approval irrelevant to the validity of the reduction. Appellants cite us to no case in which an executive's independently authorized action was invalidated by a concurrent but superfluous approval or authorization by a governmental body. *See Stockdale v. Meno*, 867 S.W.2d 123, 124 (Tex.App.—Austin 1993, writ denied) (school board adopted superintendent's recommendation that teacher be fired); *Common Cause v. Metropolitan Transit Auth.*, 666 S.W.2d 610, 611 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd

n.r.e.) (governmental body authorized executive officer to enter contract); *Aguilar v. City of El Paso*, 594 S.W.2d 191, 194 (Tex. Civ.App.—El Paso 1980, writ ref'd n.r.e.) (governmental body recommended executive officer enter contract). In none of these cases was there a showing that the governing body's approval was unnecessary; rather, for example, the school board in *Stockdale* was statutorily required to decide whether to renew the teacher's term contract. *See* Tex. Educ.Code Ann. §§ 21.206–21.208 (West 1996). Here, however, the record reflects that the commissioner could unilaterally fire the employees. Thus, even if we declared void the Board's approval of the reduction, the commissioner's action would stand on its own.

Appellants argue that we should nevertheless invalidate the commissioner's action. They correctly contend that the evidence shows that the Board met behind closed doors to consider an action and yet did not vote in an open meeting regarding their closed-door discussions. They contend that this is precisely the sort of activity the legislature sought to eradicate by enacting the Open Meetings Act. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex.1990). They contend that, because the Board could have ordered the commissioner to conduct the reduction (and, in a sense, did by approving the action), the commissioner's action is invalid. The problem for appellants, again, is the commissioner's independent power. The commissioner could have fired appellants without first briefing the Board. We find no basis to conclude that Flint's informing the Board and obtaining their approval somehow stripped her of her power to fire appellants.

We hold that the trial court correctly found as a matter of law that the commissioner independently had the power to order the reduction in force. We accordingly hold that the trial court did not err by refusing to declare the reduction void despite finding that the Board violated the Open Meetings Act. We find no genuine issues of material fact on these issues. We conclude that the trial court correctly granted the appellees' motion for summary judgment and overruled

**2.** We expressly are not making our own finding of violations upon review of the record.

the appellants' motion for summary judgment. We overrule points of error one through eight.

By their ninth point of error, the appellants contend that the court erred by refusing to award them attorney's fees. The statute states that "the court *may* assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails in an action" brought to stop, prevent or reverse a violation of the Open Meetings Act. Tex. Gov't Code Ann. § 551.142 (West 1994) (emphasis added). This language does not *entitle* the appellants to attorney fees, but merely allows the court to award them. The decision to grant or deny attorney's fees and costs is within the trial court's sound discretion. *See Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997) (interpreting declaratory judgment act section (Tex. Civ. Prac. & Rem.Code § 37.009) allowing imposition of fees). We will not reverse absent an abuse of discretion. The trial court may have decided that the appellants did not substantially prevail because, despite proving violations of the Open Meetings Act, they did not obtain the declaration that the reduction was void. Though the court might have awarded fees, we conclude it did not abuse its discretion by declining to award fees. We overrule point nine.

We affirm the judgment.