Tommy E. SWATE, M.D., Appellant,

v.

**MEDINA COMMUNITY HOSPITAL, et al., Appellees.**

No. 04–97–00435–CV.

Court of Appeals of Texas, San Antonio.

March 18, 1998.

Tammy Danberg–Farney, Eric G. Carter, Eric Carter & Associates, Houston, for Appellant.

Mark A. Keene, Alexis Fuller, Jr., Davis & Davis, P.C., Austin, for Appellees.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This case arises from the trial court's denial of Tommy Swate's application for declaratory judgment and injunctive relief based on appellees' alleged violations of the Texas Open Meetings Act. Swate also appeals the trial court's grant of appellees' motion for attorney's fees. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The Medina Community Hospital (the "Hospital"), under the independent action of Hospital Administrator Richard Arnold, hired Dr. Tommy Swate as an independent contractor to provide medical services to inmates at several prison units in and around Hondo, Texas. Swate and Arnold executed a written agreement evidencing this relationship. After Swate's employment, several members of the Medina Community Hospital Board of Managers (the "Board") learned that the Texas and Louisiana Medical Boards had suspended Swate's license to practice medicine and had placed him on probation allowing him to practice only under strict guidelines. The Board members were concerned that Swate's employment with the Hospital violated those guidelines. The Board called a special meeting and posted public notice that it would hold an "executive session"[1] on November 14, 1996, to "[c]onsider personnel matters" and "[c]onsult with Attorney/Potential Litigation matters." After convening at the November 14th meeting, the Board recessed into executive session. Following the discussion in executive session, the Board did not vote, in open or closed session, regarding Swate's employment status with the Hospital. The meeting was concluded with "no action taken" as reflected in the minutes. On November 22, 1996, Troy E. Scarborough, Assistant Hospital Administrator of Prison Health Services under Arnold, terminated Swate's employment. Scarborough memorialized the termination in a memorandum to Arnold, stating "I informed Dr. Swate that the Medina Community Hospital Board of Managers had directed that he be terminated from employment...."

After his termination, Swate requested that the Hospital pay him additional compensation. The Board posted notice of a meeting to be held on December 9, 1996, to discuss "personnel matters" and "consult with attorney" in executive session. Swate was sent notice that his money demand would be considered at this meeting. The December 9, 1996, meeting concluded in open session with no action taken on Swate's money demand. The Board posted notice of a meeting on December 20, 1996, to discuss "personnel matters" in executive session. Swate's money demand was again considered during this executive session. The meeting concluded in open session during which the Board voted to deny Swate's request for additional compensation.

---

1. An executive session "is a meeting or part of a meeting closed to the public." *Cox Enter., Inc. v. Board of Trustees of Austin Indep. Sch. Dist.,* 706 S.W.2d 956, 957 (Tex.1986).

Swate filed an application for writ of injunction requesting that the court enjoin the Hospital and other defendants[2] from violating the Texas Open Meetings Act by withholding compensation and benefits under the parties' employment contract. Swate also sought judgment that his termination was void because the Board violated the Texas Open Meetings Act. Swate did not challenge the substantive basis of his termination, but challenged only the Hospital's compliance with the Texas Open Meetings Act. The trial court held a bench trial, after which it orally denied the relief sought and dismissed the case. On April 18, 1997, before final judgment was entered, the Hospital filed a motion for attorney's fees and costs. The trial court entered final judgment on April 21, 1997, and granted the motion for attorney's fees on May 7, 1997. The trial court filed findings of fact and conclusions of law on July 10, 1997. Swate appeals the trial court's judgment and award of attorney's fees in eighteen points of error.

## THE OPEN MEETINGS ACT

Under the Texas Open Meetings Act, "[e]very regular, special, or called meeting of a governmental body shall be open to the public." TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). A governmental body is excepted from holding an open meeting "to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee." *Id.* at § 551.074. However, a final action or vote must be conducted in open session on any matter excepted from the open meeting requirement. *Id.* at § 551.102. Specific notice of any meeting by a governmental body must be posted in a place accessible to the general public at least 72 hours prior to the meeting. *Id.* at §§ 551.041, 551.043. Actions "taken by a governmental body" in violation of the Texas Open Meetings Act are voidable by court action. *Id.* at § 551.141.

The parties do not dispute that (1) the actions of the Hospital and the Board are governed by the Texas Open Meetings Act; (2) Swate was an independent contractor;

and (3) the Board did not take a formal vote regarding Swate's employment status, in open or executive session.

## SWATE'S TERMINATION

In his first and second points of error, Swate argues that the evidence is legally and factually insufficient to support the trial court's findings that the decision to terminate him was administrative, as decided by Arnold, and that the Board did not order Arnold to terminate Swate. In his third point of error, Swate contends the trial court's conclusion that the Board did not take any action is incorrect as a matter of law. Swate argues that by expressing its views to Arnold regarding Swate's employment, the Board essentially took action to terminate him. Swate relies on the memorandum written by Scarborough as evidence that the Board ordered Swate's termination, even though it did not take an official vote. Swate contends the Board attempted to circumvent the purpose and intent of the Texas Open Meetings Act by discussing the matter, but not taking a formal vote to avoid "action." Swate argues that the Board took a "straw vote" or "secret ballot," which is prohibited under the Texas Open Meetings Act. Because the Board's actions were taken in an illegal executive session, Swate contends the trial court erred by failing to declare his termination void. Swate contends the trial court's findings to the contrary are not supported by the evidence, and he established as a matter of law that the Board acted to terminate him even though it never took an official vote.

The Hospital contends Arnold made this administrative decision, taking into account the Board's will as expressed in the November 14th meeting. Because Scarborough was not present at this meeting, the Hospital argues that he had no personal knowledge regarding any discussions at the meeting, and, therefore, his memo carries little weight as to what actually transpired. Because the Board took no action at the November 14th meeting and had no authority to fire Swate, the Hospital argues there is no action for the court to declare void and that substantial

---

**2.** The other defendants are the individual members of the Board of Managers. All defendants/appellees will be referred to as the "Hospital" or the "Board."

evidence supports the court's findings and conclusions.

The trial court found that the Board did not terminate or order the termination of Swate's employment with the Hospital, and the Board did not take any action in this regard at any "closed, special meeting." The court found that Swate's termination was an administrative decision. The court concluded that, as a matter of law, no action was taken at any of the executive sessions and, therefore, even if Swate proved that the Board violated the Texas Open Meetings Act in some way, the Board took no action at any meeting which the court could declare void.

## Standard of Review

When a party that bears the burden of proof on an issue challenges the legal sufficiency of the evidence to support an adverse finding of fact, the reviewing court must examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). If no evidence exists to support the fact finding, the full record must be reviewed to determine if the contrary position is established as a matter of law. *Id.* In considering a factual sufficiency point challenge on an adverse finding of fact, the reviewing court must assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Conclusions of law are reviewable when attacked as erroneous as a matter of law. *Thornton v. D.F.W. Christian Television, Inc.*, 925 S.W.2d 17, 23 (Tex.App.—Dallas 1995). Incorrect conclusions of law will not require reversal if the controlling findings of facts will support a correct legal theory. *Id.* Therefore, conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Id.*

The following evidence relevant to this issue was presented:

Arnold testified that he negotiated the employment contract with Swate and hired him, subsequently informing the Board of his actions. Arnold testified that during the November 14th meeting, the Board discussed personnel matters related to Swate and the Board questioned Arnold about hiring Swate in light of the existing restrictions on Swate's license to practice. Although the Board never voted on the issue, Arnold testified that the Board made it clear that "Dr. Swate needed to go," and, as an extension of the Board, he carries out the will of the Board in the discharge of his duties. Arnold stated that it is his sole responsibility as Administrator of the Hospital to "hire and fire." Arnold testified that the termination decision was administrative, and the Board's discussion at the November meeting was one of the factors that led to his decision. Arnold testified that, given the newly discovered information regarding additional restrictions placed on Swate's license after his employment, he believed it would have been illegal for the Hospital to continue employing Swate. Arnold testified that he instructed Scarborough to terminate Swate.

By deposition, Tony Scarborough testified regarding his memorandum to Arnold following his termination of Swate, in which he stated, "I informed Dr. Swate that the Medina Community Hospital Board of Managers had directed that he be terminated from employment...." Scarborough testified that during a meeting with Arnold, Arnold told Scarborough that "he had the will of the board and that [Swate was] to be terminated."

By deposition, Board member Sue Coates testified that the Board discussed their views regarding Swate's continued employment, the Board did not direct Arnold to terminate Swate, and the Board did not vote on the matter. Coates testified that the Board expressed its concern regarding Swate's employment and his ability to fulfill his duties given the restrictions on his license. Coates testified that the Board was concerned about the legality of Swate's employment and liability issues related to his continued employment.

## Conclusion of Law

Swate challenges the trial court's conclusion of law that even if Swate proved viola-

tions of the Texas Open Meetings Act, the Board did not engage in any action that the court could declare void. Swate contends this conclusion is erroneous as a matter of law. Swate contends the Board's improper actions in executive session are the types of activity that the Texas Open Meetings Act was enacted to prevent and that the Board's actions in violation of the Texas Open Meetings Act rendered his subsequent termination void.

In a similar case decided on summary judgment, *Spiller v. Texas Dep't of Ins.*, 949 S.W.2d 548, 551 (Tex.App.—Austin 1997, writ denied), the Third Court of Appeals addressed the issue whether a governmental body's deliberation on employment matters in violation of the Texas Open Meetings Act rendered void subsequent independent actions tied to those deliberations. Although the State Board of Insurance (the "State Board") violated the Texas Open Meetings Act, the court held that a subsequent reduction in force of Department of Insurance employees was not a voidable action taken by the State Board at any improper meeting because the reduction was ordered and effected under the independent authority of the Insurance Commissioner. *Id.* The Commissioner was assigned, by law, the duty of hiring and firing Department of Insurance employees. *Id.* The court held that the Commissioner's independent power to hire and fire the employees made the validity of the State Board's approval of the action irrelevant to the validity of the reduction. *Id.* Because the State Board's approval was unnecessary to the Commissioner's authority to act in this situation, the court reasoned that even if it declared the State Board's approval of the reduction void, the commissioner's action would stand on its own. *Id.* The court rejected a similar argument posed by the appellants in that case: because the State Board could have ordered the commissioner to conduct the reduction, and did approve such an act, the commissioner's action was invalid because the board's action violated the Texas Open Meetings Act. *Id.* The *Spiller* court also rejected an argument similar to Swate's public-policy argument, reasoning that the improper deliberations did not strip the actor of any proper independent power to conduct personnel matters. *Id.*

Under *Spiller*, even if the Board did violate the Texas Open Meetings Act by holding an improper executive session and did approve or order Swate's termination, a declaration that these acts are void would be inconsequential because Arnold's action would stand on its own. Because the Board did not have authority to hire and fire hospital personnel, the trial court's conclusion that even if Swate proved violations of the Texas Open Meetings Act, the Board did not engage in any action that the court could declare void, is not erroneous as a matter of law.

## Findings of Fact

Swate challenges the legal and factual sufficiency of the evidence supporting the trial court's fact findings that the decision to fire him was administrative and that the Board did not order his termination.

Although the Hospital did not establish that Arnold held the statutory responsibility of hiring and firing all hospital personnel, as in *Spiller*, Arnold's authority was established through testimony and evidence. The testimony and evidence revealed that (1) Arnold held the independent power to hire and fire all hospital personnel, including Swate; (2) the Board's approval or disapproval of Swate's employment was unnecessary to Arnold's authority to act; (3) the Board never voted in relation to Swate's employment status; and (4) Swate's employment responsibilities violated the restrictions placed on his license to practice. This evidence supports the trial court's findings of fact that the termination decision was administrative and the Board did not act to improperly terminate Swate's employment. *See id.* Therefore, the evidence was legally sufficient to support the court's finding. *See Sterner*, 767 S.W.2d at 690.

After assessing all of the evidence, taking into account Scarborough's memorandum and Arnold's comments that the termination was the "will of the Board," the challenged findings are still not against the great weight and preponderance of the evidence. Follow-

ing *Spiller*, the adverse evidence is inconsequential as long as Arnold held independent power to act. *See Spiller*, 949 S.W.2d at 551. Because evidence showed that Arnold held the independent power to hire and fire hospital personnel, the evidence is factually sufficient to support the trial court's findings of fact. *See Cain*, 709 S.W.2d at 176. Swate's first, second, and third points of error are overruled.

### SUFFICIENCY OF MEETING NOTICES

In points of error four and five, Swate challenges the legal and factual sufficiency to support the trial court's findings of fact that the notices were duly posted and the Board took no action during the meetings. In points of error six, seven, and eight, Swate challenges the trial court's conclusions of law that the notices and agendas complied with the Texas Open Meetings Act as erroneous as a matter of law.

Assuming, without deciding, that the notices did not comply with the Texas Open Meetings Act as a matter of law, any actions taken by the Board in violation of the Texas Open Meetings Act would be voidable as a consequence. *See* TEX. GOV'T CODE ANN. § 551.141. As previously determined, the Board did not take any actions at the meetings that could have been voided, and even if the Board did act in violation of the Texas Open Meetings Act, under *Spiller*, these improper actions do not invalidate Arnold's independent actions. *See Spiller*, 949 S.W.2d at 551. As discussed, Arnold's independent power to hire and fire personnel for the hospital makes the sufficiency of the notice of the Board's meeting to discuss Swate's employment irrelevant to the validity of Arnold's independent act. *See id.* Therefore, even if the trial court's conclusions were incorrect and the evidence legally and factually insufficient, controlling findings of fact will support an alternate legal theory. *See id.; Thornton*, 925 S.W.2d at 23. Swate's fourth, fifth, sixth, seventh, and eighth points of error are overruled.

### EXECUTIVE SESSIONS

In his ninth point of error, Swate contends that the trial court's conclusion of law that the Hospital committed no violations of the Texas Open Meetings Act is erroneous as a matter of law. Swate argues that the Board's actions of discussing his employment status in executive session violated the Texas Open Meetings Act because the exception to the open meeting requirement under TEX. GOV'T CODE ANN. § 551.074 does not apply to discussions regarding employment matters of independent contractors. Swate contends this violation renders his subsequent termination void.

■ The Section 551.074 exception to the open meeting requirement does not apply to discussions regarding independent contractors. *See Board of Trustees of Austin Indep. Sch. Dist. v. Cox Enter., Inc.*, 679 S.W.2d 86, 90–91 (Tex.App.—Texarkana 1984), *rev'd on other grounds; aff'd on this ground*, 706 S.W.2d 956, 960 (Tex.1986); *see also* Op. Tex. Att'y Gen. No. MW–129(1980). Therefore, a governmental body violates the Texas Open Meetings Act if it meets in executive session to discuss any employment matter regarding an independent contractor. *See Cox*, 679 S.W.2d at 90–91; Op. Tex. Att'y Gen. No. MW–129.

While *Cox* does establish that any discussions regarding an independent contractor must be held in open session, *Cox* does not require a finding that Swate's subsequent termination was void if the Board did engage in any activity in violation of the Texas Open Meetings Act. *See Cox*, 679 S.W.2d at 90–91. Assuming, without deciding, that the Board violated the Texas Open Meetings Act by discussing Swate's employment in executive session, any actions taken by the Board in violation are merely voidable under TEX. GOV'T CODE ANN. § 551.141. In addition, any incorrect conclusion of law will not require reversal if the controlling findings of facts will support a correct legal theory. *Thornton v. D.F.W. Christian Television, Inc.*, 925 S.W.2d 17, 23 (Tex.App.—Dallas 1995), *rev'd on other grounds*, 933 S.W.2d 488 (Tex.1996).

As previously noted, the summary judgment record establishes that Arnold had authority, independent of the Board, to hire and fire hospital personnel. Dr. Swate's termination can be upheld on this independent

authority, even if the Board illegally discussed Swate's employment in executive session. *See Spiller,* 949 S.W.2d at 551. Point of error nine is overruled.

### DENIAL OF INJUNCTIVE RELIEF

In his tenth, eleventh, and twelfth points of error, Swate argues that the trial court abused its discretion by denying his application for injunctive relief because he was entitled to such relief as a matter of law. Accordingly, Swate contends the trial court's conclusion of law that he did not establish his entitlement to injunctive relief was erroneous, and the trial court erred by rendering judgment against him. Swate challenges the trial court's conclusion that it could not grant injunctive relief without Swate first posting a security bond. To support his argument, Swate relies on *Ferris v. Bd. of Chiropractic Exam'rs,* 808 S.W.2d 514, 517–18 (Tex. App.—Austin 1991, writ denied), which holds that the termination of governmental employees in violation of the Texas Open Meetings Act is void as a matter of law.

The Texas Open Meetings Act states that an interested person may "bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." TEX. GOV'T CODE ANN. § 551.142 (Vernon 1994). In his First Amended Application for Writ of Injunction, Swate requested the court to issue an injunction against the defendants enjoining them "from violating the Texas Open Meetings Act by suspending plaintiff's pay for the months of December, 1996, January, February, and March, 1997." Therefore, Swate requested that the court enter an injunction to reverse an alleged violation of the Texas Open Meetings Act and to enjoin future violations by the Board's failure to pay Swate monies allegedly owed under the employment contract.

### Standard of Review

 To obtain injunctive relief, an applicant must establish the existence of a wrongful act, imminent harm, and irreparable injury, and the absence of an adequate remedy at law. *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex.1984)(no adequate remedy at law); *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975)(probable right and probable injury); *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968)(probable right and probable injury). The denial of a temporary or permanent injunction is within the sound discretion of the trial court. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993). On appeal, review of the trial court's action is limited to the question whether the action constituted a clear abuse of discretion. *Id.* An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence and evidence appears in the record which reasonably supports that trial court's decision. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978); *Recon Exploration, Inc. v. Hodges,* 798 S.W.2d 848, 852 (Tex.App.—Dallas 1990, no writ). This court must review the evidence in the light most favorable to the judgment. *Wilson v. United Farm Workers of Am., AFL–CIO,* 774 S.W.2d 760, 763 (Tex. App.—Corpus Christi 1989, no writ).

 In the instant case, Swate failed to establish the existence of a wrongful act. Even if the Board violated the Texas Open Meetings Act by meeting in executive session, it did not act in a way that was actionable or voidable in a court. *See Spiller,* 949 S.W.2d at 551. Because any violation of the Texas Open Meetings Act is only voidable and because Swate's termination was an administrative act, the trial court did not abuse its discretion by denying Swate's claims on this basis. Accordingly, the trial court did not abuse its discretion by denying an injunction to prevent the Board from withholding payment of Swate's backpay and benefits. Swate's tenth, eleventh, and twelfth points of error are overruled.

### ATTORNEY'S FEES

In his thirteenth and fourteenth points of error, Swate contends that the trial court

abused its discretion by denying his claims for attorney's fees.

 Attorney fees are not recoverable in an action unless provided for by statute or contract between the parties. *New Amsterdam Cas. Co. v. Texas Indus., Inc.,* 414 S.W.2d 914, 915 (Tex.1967); *Canales v. Zapatero,* 773 S.W.2d 659, 660 (Tex.App.—San Antonio 1989, writ denied). The trial court may assess costs of litigation and reasonable attorney's fees incurred by a party who substantially prevails in an action brought under the Texas Open Meetings Act. TEX. GOV'T CODE ANN. § 551.142(b)(Vernon 1994). Because the decision to grant or deny attorney's fees under the Texas Open Meetings Act is within the trial court's discretion, we will not reverse absent an abuse of discretion. *See Spiller,* 949 S.W.2d at 552.

As discussed above, the trial court's denial of declaratory judgment and injunctive relief is affirmed. Swate did not "substantially prevail" to be entitled to reimbursement for attorney's fees and costs. Swate did not obtain declaration that his termination was void, nor did he obtain injunctive relief. Therefore, the trial court did not abuse its discretion by declining to award fees to Swate. Swate's thirteenth and fourteenth points of error are overruled.

In his fifteenth, sixteenth, seventeenth, and eighteenth points of error, Swate argues that the trial court erred and abused its discretion by awarding the Hospital attorney's fees because the Hospital's pleadings do not support such an award. Although the Hospital filed a motion for attorney's fees before final judgment was entered, Swate contends the motion must have been filed prior to trial to constitute a valid pleading upon which the trial court could award attorney's fees and costs. Swate contends the issue should have been raised during the bench trial and any supporting evidence offered at that time. Because the motion and supporting affidavit were not timely, Swate argues that the evidence is legally insufficient to support the award. Because the Texas Open Meetings Act allows the court discretion to award attorney's fees to the prevailing party, and because the Hospital did not file a proper pleading to support the

award, Swate contends the award was erroneous as a matter of law.

 The trial court has discretion to award costs and reasonable attorney's fees to the party "who substantially prevails." TEX. GOV'T CODE ANN. § 551.142(b). "Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity." *State v. Estate of Brown,* 802 S.W.2d 898, 900 (Tex.App.—San Antonio 1991, no writ). To be entitled to a discretionary award of attorney's fees, the movant must file an affirmative pleading requesting them unless the issue is waived or tried by consent. *See Klaver v. Klaver,* 764 S.W.2d 401, 405 (Tex. App.—Fort Worth 1989, no writ); *Wolters v. White,* 659 S.W.2d 885, 888–89 (Tex.App.— San Antonio 1983, writ dism'd).

In its prayer for relief in its first amended answer, the Hospital requested only "that they have such other and further relief to which they may be entitled, either at law or in equity." On April 18, 1997, following the bench trial in which the court orally announced the dismissal of Swate's claims, the Hospital filed a motion for attorney's fees and costs, with proper affidavit. The trial court entered its final judgment denying Swate's declaratory judgment and application for injunction on April 21, 1997. On May 5, 1997, the trial court entered its order granting the Hospital's motion for attorney's fees and costs, stating, that it reviewed "the Motion and evidence, as well as any Response and argument...." On July 10, 1997, the trial court entered its findings of fact and conclusions of law in which it determined that the Hospital was entitled to reasonable attorney's fees, and it filed competent evidence to support the award.

 The basis of Swate's contention is that the motion for attorney's fees was not a pleading supporting the trial court's judgment because it was not filed before the bench trial. The trial court has discretion to grant a party's request for a post-verdict, pre-judgment trial amendment unless "the opposing party presents evidence of surprise

**702**

or the amendment asserts a new cause of action, and thus is prejudicial on its face, and the opposing part objects to it." *Southwestern Bell Mobile Sys. v. Franco,* 951 S.W.2d 218, 225 (Tex.App.—Corpus Christi 1997, no writ); *see also Rocha v. Ahmad,* 676 S.W.2d 149, 154–55 (Tex.App.—San Antonio 1984, writ dism'd). Similarly, post-verdict motions for attorney's fees that effectively serve as trial amendments may be granted within the trial court's discretion. *Southwestern Bell Mobile Sys.,* 951 S.W.2d at 225.

■■■ The Hospital did not specifically request attorney's fees in its prayer for relief. The Hospital's prayer for general relief will not support such an award. *See Wolters,* 659 S.W.2d at 888–89. However, under the Texas Open Meetings Act, a party is not entitled to an award of attorney's fees until it has "substantially prevailed." TEX. GOV'T CODE ANN. § 551.141(b). After the trial court orally announced the dismissal of Swate's claims, the Hospital filed its motion for attorney's fees. The motion was filed before the trial court's entry of final judgment denying Swate's application. Swate presented no evidence of surprise or injury, nor did he answer or object to the motion. Consistent with its discretion under the Texas Open Meetings Act, the trial court granted the motion for attorney's fees seventeen days after it was filed.

The record shows that the Hospital timely requested an award of attorney's fees, supported the request with competent evidence, and Swate was given ample time to respond, but did not. The trial court did not abuse its discretion in awarding the attorney's fees, and the evidence is legally and factually sufficient to support the award. Swate's fifteenth, sixteenth, seventeenth, and eighteenth points of error are overruled.

The judgment of the trial court is affirmed.