TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00298-CV






Texas AFL-CIO, Gene Edgerly, and Boyce Breedlove, Appellants



v.



Texas Workforce Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-10312, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 The Texas AFL-CIO, Gene Edgerly, and Boyce Breedlove (collectively
"appellants") sued the Texas Workforce Commission (1) (the "Commission"), alleging that the
Commission violated the Texas Open Meetings Act (2) by meeting in closed session and directing
the executive director of the Commission to eliminate the labor field representative staff positions. 
Appellants also alleged that Edgerly and Breedlove were selected for termination or reassignment
due to their affiliation with the Texas AFL-CIO. The Commission moved for summary judgment,
and appellants filed a cross-motion for partial summary judgment. The trial court denied
appellants' cross-motion and granted the Commission's motion for summary judgment. Appellants
appeal the trial court order granting the Commission summary judgment. We will reverse the
judgment and remand the case to the trial court for further proceedings.


THE CONTROVERSY


 In granting the Commission's motion for summary judgment, the trial court did not
specify the ground on which it based its judgment. When a trial court does not specify the ground
on which it granted summary judgment, the judgment will be affirmed on any meritorious theory
asserted in the motion and found in the record that proves conclusively that the nonmovant cannot
prevail. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). We review the record under
familiar precepts: (1) a movant for summary judgment has the burden of showing there is no
genuine issue of material fact and it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed issue of material fact precluding summary judgment, matters in the
record that favor the nonmovant will be taken as true; and (3) every reasonable inference from the
record must be indulged in favor of the nonmovant and any doubts resolved in its favor. See
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Appellants Edgerly and Breedlove were employed as labor field representatives by
the Commission. Their primary duty was to serve as liaison between the Commission and
organized labor. On or about August 19, 1997, and September 3, 1997, the Commission met to
discuss staff realignment pursuant to posted agenda items described as "Executive Session
Pursuant to Government Code § 551.074 to Discuss Personnel Matters with Executive Staff" (3) and
"Discussion Regarding New Agency Organizational Structure for Monitoring Function." The
official notes from each meeting, signed by all three commissioners, indicate that the
commissioners discussed personnel matters in closed session but took no action. The notes also
indicate that at the September 3 open meeting, Mike Sheridan, the executive director of the
Commission, (4) announced that, "as directed by the Commission," the labor field representative
positions would be eliminated.

 Appellants contend that the Commission, without giving proper notice to the
public, (5) voted in closed session to eliminate the labor field representative positions and thus
violated the Act. (6) Therefore, appellants argue that any action taken pursuant to the "illegal" vote
is voidable. See Tex. Gov't Code Ann. § 551.141 (West 1994). The Commission contends that,
during closed session, the commissioners received information from executive director Sheridan
concerning his intention to proceed with agency reorganization. The Commission argues that
while the commissioners expressed their opinions regarding Sheridan's plan in closed session, no
vote was taken and the Commission "did not authorize, ratify, approve, or otherwise take official
action on the proposal." Furthermore, the Commission contends that even assuming it violated
the Act by voting during a closed session, we cannot declare subsequent action taken pursuant to
the vote void because executive director Sheridan, not the three voting commissioners, has the sole
power to hire and fire Commission employees. Finally, the Commission argues that an open
meeting held on or about October 29, 1997 cured any prior violations of the Act.


DISCUSSION

 The Open Meetings Act was enacted for the purpose "of assuring that the public
has the opportunity to be informed concerning the transactions of public business." Acker v. Texas
Water Comm'n, 790 S.W.2d 299, 300 (Tex. 1990) (citing Act of May 23, 1967, 60th Leg., R.S.,
ch. 271, § 7, 1967 Tex. Gen. Laws 597, 598). There is a broad scope to the coverage of the Act
and a narrowness to its few exceptions. Id. (citing Cox Enter., Inc. v. Board of Trustees, 706
S.W.2d 956, 958 (Tex. 1986)); Sierra Club v. Austin Transp. Study, 746 S.W.2d 298, 300 (Tex.
App.--Austin 1988, writ denied). Because citizens are entitled to know not only what government
decides but to observe how and why every decision is enacted, exact and literal compliance with
the terms of the Act is demanded. Acker, 790 S.W.2d at 300 (citing Smith County v. Thorton, 726
S.W.2d 2, 3 (Tex. 1986)).

 The Commission is a "governmental body" as defined by the Act. See Tex. Gov't
Code Ann. § 551.001(3)(A) (West 1994) ("governmental body" includes a "commission . . . 
within the executive or legislative branch of state government that is directed by one or more
elected or appointed members."). Thus, every regular, special, or called meeting of the
Commission must be open to the public, except as provided by the Act. Id. § 551.002. A
governmental body is excepted from holding an open meeting "to deliberate the appointment,
employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or
employee." Id. § 551.074. However, a final action, decision, or vote on a matter deliberated in
closed session must be conducted in an open meeting. Id. § 551.102. Actions "taken by a
governmental body" in violation of the Act are voidable by judicial action. Id. § 551.141.

 The Commission contends that during meetings held on or about August 19 and
September 3, it did not vote or otherwise take official action in closed session to eliminate the
labor field representative positions. Appellants argue that the elimination of the labor field
representative positions is a voidable action because the Commission violated the Act by illegally
voting in closed session. We must review the summary judgment evidence to determine whether
a disputed issue of material fact exists concerning whether the Commission took action in closed
session that resulted in a reorganization of the agency.

 By deposition, Commissioner Hammond (the representative of employers) testified
that executive director Sheridan informed the Commission in closed session that he was going
forward with an agency reorganization that would include the elimination of the labor field
representative positions. Hammond testified that, although two commissioners expressed
agreement and one commissioner expressed opposition, the Commission did not make a motion
to take any action and did not vote, formally or otherwise, to eliminate the positions. 
Commissioner Rath (the representative of the public) testified that the Commission was briefed
concerning the agency reorganization but that no vote was taken. Commissioner O'Mahoney (the
representative of labor) testified that the discussion in the closed session "centered on whether [the
labor field representatives] should be done away with." O'Mahoney believed that executive
director Sheridan "was looking for some sort of guidance." O'Mahoney testified that he was the
only commissioner opposed to eliminating the labor field representative positions.

 Executive director Sheridan testified that during the closed session, Hammond
stated that the labor field representative positions were not necessary. Sheridan testified that
following Hammond's comments, Rath stated that she too would be in favor of eliminating the
positions. Finally, Sheridan testified that O'Mahoney expressed his disagreement with the
opinions of the other two commissioners. Sheridan testified that none of the commissioners
suggested the need for a vote. Sheridan recalled "stating that I would decide what specific actions
I plan to take and report back my decisions/plans to them during the staff reports presentation item
at the next Commission meeting."

 Notes from the September 3 open meeting of the Commission reflect that Sheridan
stated that "as directed by the Commission, the realignment in staff plan for the labor
representative positions is going forward during the next 30 to 45 days." (Emphasis added.) Joe
Gunn, president of the Texas AFL-CIO, testified that on or about August 22, he spoke with
executive director Sheridan. Gunn testified that Sheridan told him that the labor field
representative positions were being eliminated by the action of two out of the three commissioners
and that the commissioners "'made me do it' or words to that effect." Furthermore, appellant
Boyce Breedlove testified that Commissioner O'Mahoney told him that the commissioners had
"voted 2-to-1" to eliminate the position of labor field representative. (7)

 Viewing the summary judgment evidence in the light most favorable to appellants
as we must, the record indicates that the Commission, after being briefed by the executive director
in closed session, engaged in something beyond a deliberation or discussion of the employment
status of the labor field representatives. Taking appellants' evidence as true, we find that there
exists a disputed issue of material fact concerning whether the Commission voted or took final
action in closed session to eliminate the labor field representative positions and ordered the agency
director to implement the decision.

 The Commission contends that even assuming it did violate the Act, its actions are
not voidable because the executive director of the Commission has the sole statutory authority to
eliminate staff positions. According to the Labor Code, the executive director "may employ and
terminate the employment of commission staff members." Tex. Lab. Code Ann. § 301.041(c)(3)
(West 1996). The Commission, relying primarily on Spiller v. Texas Department of Insurance,
949 S.W.2d 548 (Tex. App.--Austin 1997, writ denied), argues that because the commissioners
had no power to fire or reassign appellants Edgerly and Breedlove, any action taken to that end
was without legal effect. Appellants contend that the Commission may not avoid the requirements
of the Act by claiming that another party has sole authority over the subject matter of the
Commission's closed session vote.

 In Spiller, this Court considered whether to declare void reductions in the
workforce of the Texas Department of Insurance because the reductions had been approved at a
closed meeting of the State Board of Insurance. (8) The evidence showed that the three-member
Board, believing the Department needed to reduce its workforce, heard presentations on proposed
reductions in force. Spiller, 949 S.W.2d at 549-50. One board member assented to the
reductions, and no objections were raised by the other two board members. Id. at 550. The
insurance commissioner then informed the Board of the impending termination of more than ninety
employees. Id.

 In granting summary judgment to the Department, the trial court in Spiller found
that although the Board violated the Act, (9) the reduction was not an "action" taken by the Board
because the reduction properly fell within the authority of the insurance commissioner, not the
Board. Id.; see also Tex. Gov't Code Ann. § 551.102 (West 1994). In affirming the trial court
judgment, this court held that the Board's assent to the employee terminations was "concurrent"
and "superfluous" to the commissioner's independent power to fire the employees. Because the
Board was merely briefed on or informed of a decision already made by the commissioner, "the
trial court did not err by refusing to declare the reduction void despite the finding that the Board
violated the Open Meetings Act." Spiller, 949 S.W.2d at 551. The insurance commissioner could
have fired the employees without Board approval; thus, even if the Board's approval of the
reduction was declared void, the commissioner's action would stand on its own. Id.

 The Commission also relies on Swate v. Medina Community Hospital, 966 S.W.2d
693, 695-97 (Tex. App.--San Antonio 1998, pet. denied) to support its position. Dr. Swate
alleged that his termination from the Hospital was void because the Hospital Board of Managers
violated the Act. Swate contended that although the Board did not take a formal vote to terminate
his employment, it took a "straw vote" or "secret ballot" in violation of the Act. Id. at 696. The
Hospital argued that because the Board had no authority to hire and fire hospital personnel, the
Board did not engage in any action the court could declare void.

 In Swate, the evidence indicated that at the closed session the Board discussed
personnel matters related to Swate and questioned the Hospital Administrator concerning Swate's
employment status. Id. at 697. The meeting was concluded with "no action taken" as reflected
in the minutes. (10) Id. at 695. The trial court found that the Board took no final action, decision,
or vote with regard to Swate's employment at the closed meeting. Id. at 697; see also Tex. Gov't
Code Ann. § 551.102 (West 1994). The appeals court, relying on the Spiller decision, affirmed
the trial court judgment.

 The Commission contends that Spiller and Swate are factually indistinguishable
from the instant case. We disagree. Spiller involved a governmental body alleged to have violated
the Act by meeting behind closed doors and receiving information concerning the impending firing
of employees. Specifically, there was no indication in Spiller that the State Board of Insurance
took final action or formally voted during its closed session, both actions which are required to
be conducted in an open meeting. Only one of the three Board members affirmatively assented
to the reduction in force, and she agreed that the purpose of the closed session was to give the
Board an opportunity to raise any questions or objections to the insurance commissioner's plan. 
Spiller, 949 S.W.2d at 551. In any event, the Board's approval was not needed to implement the
reduction and was not the motivating force behind it. The issue in Spiller was one of remedy: 
was the action voidable when the agency's chief executive briefed the Board in closed session but
without proper notice? This Court concluded: "We find no basis to conclude that [the executive
director's] informing the Board and obtaining their approval somehow stripped her of her power
to fire appellants." Id. Likewise, the evidence in Swate of a final action or vote taken in closed
session is not as compelling as the summary judgment proof in the instant case, which raises a fact
question as to whether the Commission, rather than the executive director, may have exercised the
authority to reorganize the agency in a closed meeting.

 Both Spiller and Swate lack a genuine issue of material fact concerning whether a
final action, decision, or vote was taken in closed session. In the context of the Act, there is a
fundamental distinction between meetings at which only deliberation (11) takes place and meetings
at which decisions are made. See Thompson v. City of Austin, 979 S.W.2d 676, 685 (Tex.
App.--Austin 1998, no pet.) (Open Meetings Act "does not prohibit members in an executive
session from expressing their opinions on an issue or announcing how they expect to vote on the
issue in the open meeting, so long as the actual vote or decision is made in the open session.")
(citing Board of Trustees v. Cox Enter., Inc., 679 S.W.2d 86, 89 (Tex. App.--Texarkana 1984),
rev'd in part on other grounds, 706 S.W.2d 956 (Tex. 1986).

 In Thompson, two municipal court judges sued the City of Austin after the City
Council failed to reappoint them to the bench. Although the plaintiff judges argued 


that the Council made its decision in private and then revealed that decision to the
public through an open meeting, they present[ed] no evidence of anything other
than a deliberation behind closed doors . . . . The Council members discussed the
merits of each candidate, voiced their opinions as to the qualifications of each and
made recommendations, but there is no indication that the Council ever voted on
the composition of the municipal court during the private meetings.



Id. (emphasis added). Because the record revealed "no evidence of an actual vote before the
Council conducted an official vote in its open meeting," we concluded that there was no violation
of the Act. Id.

 In the instant case, there is a disputed issue of material fact as to whether the
Commission, by means of a vote or other final action, ordered the executive director to reorganize
the agency. The fact that the executive director of the Commission "may employ and terminate
the employment of commission staff members" does not foreclose the possibility of voiding actions
taken pursuant to a Commission vote, decision, or final action conducted in violation of the Act. 
It may be a rare case in which a plaintiff can present proof of something more than a deliberative
meeting, but because appellants have presented such proof sufficient to raise a question of fact,
we cannot hold as a matter of law that there exists no potentially voidable action taken by a
governmental body in violation of the Act.

 The summary judgment proof presents another fact issue. Appellants contend that
the summary judgment proof shows that the commissioners made the decision to eliminate the field
representative staff positions and ordered the agency director to carry it out. They argue that the
central question is "whether Spiller extends to such a subterfuge and permits an agency to avoid
the Act by making decisions and then ordering staff to implement them." We decline to extend
Spiller to those instances in which the board is the alleged impetus for the decision and the
executive director's implementation of the decision is a mere subterfuge for board action taken in
a closed session. Whether a subterfuge existed here is an additional question of fact for the fact-finder.

 The Commission argues that even if appellants' factual allegations and legal
arguments are true, a Commission meeting held on or about October 29, 1997 (12) served to cure any
prior violations of the Act. At that open meeting, executive director Sheridan reported his plans
for the reorganization of the Commission. The official notes from the meeting reflect that


Mr. Sheridan stated that there are five program specialists who are outstationed
now. Some people refer to them as Labor Representatives. He said he believed
it important to have outreach to the workers and worker organizations and plans to
keep those five individual positions outstationed in the areas they are in today. If
these individuals are near retirement age, they can be included in the retirement
option and may take advantage of that. If they choose not to or don't qualify . . .
they will be retained in their positions. Chairman Hammond asked whether action
was needed with regard to this. Mr. Sheridan replied, no, sir, that according to the
Texas Labor Code, he is in charge of and responsible for this.



The Commission contends that according to Ferris v. Texas Board of Chiropractic Examiners, 808
S.W.2d 514, 518 (Tex. App.--Austin 1991, writ denied), any harm flowing from alleged "illegal"
voting was cured at this properly convened open meeting. 

 A governmental body may not ratify its prior illegal acts. Lower Colo. River Auth.
v. City of San Marcos, 523 S.W.2d 641, 646-47 (Tex. 1975); see also Mayes v. City of De Leon,
922 S.W.2d 200, 203 (Tex. App.--Eastland 1996, writ denied); Ferris, 808 S.W.2d at 518. 
However, a governmental body that has voted or attempted to take formal action without
complying with the Act may meet again and validate the action at a properly convened meeting
of which the public has received adequate notice. Lower Colo. River Auth., 523 S.W.2d at 646-47. The action will be valid only from the date of the meeting that complies with the Open
Meetings Act. Id.; Ferris, 808 S.W.2d at 518.

 The summary judgment proof in the instant case raises a fact issue as to whether
the Commission, by virtue of an improper final action, decision, or vote during a closed session,
violated the Act. If the Commission did act illegally, its illegal action could not be later ratified
as effective on the date of the illegally convened meeting. Ferris, 808 S.W.2d at 518. At the
October 27 open meeting, the Commission evidently did not vote concerning the status of the labor
field representatives. Illegal voting cannot be validated by mere deliberation; the "cure" must
address and correct the inadequacy of the initial meeting. See Markowski v. City of Marlin, 940
S.W.2d 720, 726 (Tex. App.--Waco 1997, writ denied) (illegal act was specifically remedied by
action taken at later valid meeting); Fielding v. Anderson, 911 S.W.2d 858, 864 (Tex.
App.--Eastland 1995, writ denied) (Act violations corrected by subsequent meeting at which vote
was taken in open session). Because a fact question exists as to whether the Act was violated by
the Commission in its closed meeting, we do not decide whether a cure was accomplished.


CONCLUSION


 We hold that there exists a disputed issue of material fact concerning whether the
Commission "voted" or took "final action" in closed session to eliminate the labor field
representative positions and directed the agency director to implement the Commission's decision. 
Thus, appellee has not demonstrated it is entitled to judgment as a matter of law. Assuming the
Commission did violate the Act, the power of the executive director to hire and fire Commission
staff does not foreclose the possibility of voiding actions taken pursuant to the illegal vote. We
do not decide whether the October 27 open meeting cured any prior violations of the Act. Because
the resolution of this appeal does not depend upon our consideration of appellants' allegation of
retaliatory termination, we need not discuss it. We reverse the summary judgment order and
remand the cause to the trial court for further proceedings.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Powers*

Reversed and Remanded

Filed: April 8, 1999

Do Not Publish













* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The Texas Workforce Commission is a state agency established to operate an integrated
workforce development system. See Tex. Lab. Code Ann. § 301.001(a) (West 1996). The
Commission is composed of three appointed members: a representative of labor, a representative
of employers, and a representative of the public. Id. § 301.002. References to votes taken by the
"Commission" refer to votes taken by these three Commission members.
2. See Tex. Gov't Code Ann. §§ 551.001-.146 (West 1994 & Supp. 1999) (hereinafter the
"Act").
3. Texas Government Code section 551.074 states that a governmental body is not required
to conduct an open meeting "to deliberate the appointment, employment, evaluation, reassignment,
duties, discipline, or dismissal of a public officer or employee." Tex. Gov't Code Ann.
§ 551.074(a)(1) (West 1994).
4. The executive director is appointed by the Commission "to administer the daily operations
of the commission in compliance with federal law." Tex. Lab. Code Ann. § 301.041(a) (West
1996).
5. While the resolution of this appeal does not require us to discuss appellants' allegation that
the posted agenda items were vague and did not adequately notify the public of the subject matter
of the meetings, we will briefly address the issue in the interest of completeness. Section 551.041
of the Open Meetings Act requires a governmental body to "give written notice of the date, hour,
place, and subject of each meeting held by the governmental body." See Tex. Gov't Code Ann.
§ 551.041 (West 1994). References in the Commission agenda to both Government Code section
551.074 and to agency reorganization provided an adequately detailed description of the subject
to be discussed, namely the employment status of Commission employees. We find that the two
posted agenda items provided full and adequate notice to the public of the Commission's intent to
discuss personnel matters. See generally City of San Antonio v. Fourth Court of Appeals, 820
S.W.2d 762, 765-66 (Tex. 1991); Cox Enter., Inc. v. Board of Trustees, 706 S.W.2d 956, 958-59
(Tex. 1986).
6. In their Second Amended Petition, appellants allege that the Act violation occurred at the
August 19 meeting. In their brief, appellants allege that the Act violation occurred at the
September 3 meeting. The discrepancy does not affect the outcome of this appeal.
7. The Commission, in response to appellants' cross-motion for partial summary judgment and
reply to the Commission's motion for summary judgment, objected to the affidavits of both Gunn
and Breedlove on the basis of hearsay. The trial court did not rule on the Commission's
objections. Furthermore, executive director Sheridan denied stating that the Commission "made
me do it" and Commissioner O'Mahoney denied telling Boyce Breedlove the Commission had
"voted 2-to-1" to eliminate the positions of labor field representative.
8. Under the relevant statute, the State Board of Insurance was the policy-making body in
charge of the Department of Insurance. Act of June 6, 1991, 72d Leg., R.S., ch. 242, § 1.02,
1991 Tex. Gen. Laws 939, 941 (former Insurance Code art. 1.04(b)). The Board was required
to act through the Commissioner of Insurance, whom it appointed to act as the chief executive and
administrative officer of the Department; the Commissioner served at the Board's pleasure. 
Former Insurance Code art. 1.09(a).
9. "The trial court found that the Board violated the Open Meetings Act . . . by posting a
generic, overly broad, and imprecise notice of the subject of the meetings; discussing personnel
matters in a way not excepted from the Act; and failing to keep tape recording or certified
agenda." Spiller v. Texas Dept. of Ins., 949 S.W.2d 548, 550 (Tex. App.--Austin 1997, writ
denied). Appellee failed to challenge this finding in a cross-appeal, so this court did not review
whether summary judgment was properly granted on this issue.
10. Although the parties did not contest the absence of a formal vote in closed session, the
Hospital Administrator testified that the Board made it clear that "Dr. Swate needed to go." Swate
v. Medina Community Hosp., 966 S.W.2d 693, 697 (Tex. App.--San Antonio 1998, pet. denied). 
Moreover, following the closed session, the administrator informed the assistant administrator that
"he had the will of the board and [Swate was] to be terminated." Id. 
11. "'Deliberation' means a verbal exchange during a meeting between a quorum of a
governmental body, or between a quorum of a governmental body and another person, concerning
an issue within the jurisdiction of the governmental body or any public business." Tex. Gov't
Code Ann. § 551.001(2) (West 1994).
12. Appellants filed their original petition on September 9, 1997, more than six weeks before
the alleged curative meeting.



n" refer to votes taken by these three Commission members.
2. See Tex. Gov't Code Ann. §§ 551.001-.146 (West 1994 & Supp. 1999) (hereinafter the
"Act").
3. Texas Government Code section 551.074 states that a governmental body is not required
to conduct an open meeting "to deliberate the appointment, employment, evaluation, reassignment,
duties, discipline, or dismissal of a public officer or employee." Tex. Gov't Code Ann.
§ 551.074(a)(1) (West 1994).
4. The executive director is appointed by the Commission "to administer the daily operations
of the commission in compliance with federal law." Tex. Lab. Code Ann. § 301.041(a) (West
1996).
5. While the resolution of this appeal does not require us to discuss appellants' allegation that
the posted agenda items were vague and did not adequately notify the public of the subject matter
of the meetings, we will briefly address the issue in the interest of completeness. Section 551.041
of the Open Meetings Act requires a governmental body to "give written notice of the date, hour,
place, and subject of each meeting held by the governmental body." See Tex. Gov't Code Ann.
§ 551.041 (West 1994). References in the Commission agenda to both Government Code section
551.074 and to agency reorganization provided an adequately detailed description of the subject
to be discussed, namely the employment status of Commission employees. We find that the two
posted agenda items provide