Office of the Attorney General · State of Texas



January 12, 2000

The Honorable Glen Wilson
Parker County Attorney
One Courthouse Square
Weatherford, Texas 76086

Opinion No. JC-0167

Re: Whether the Parker County Commissioners Court is authorized to appoint a purchasing agent or procurement officer pursuant to section 262.001 of the Local Government Code and related questions (RQ-0146-JC)

Dear Mr. Wilson:

You ask whether the Parker County Commissioners Court (the "commissioners court") is authorized to appoint a purchasing agent, agent of contracts, or procurement officer pursuant to section 262.001 of the Local Government Code, which authorizes a commissioners court to "appoint an agent to make a contract on behalf of the county," TEX. LOC. GOV'T CODE ANN. § 262.001(a) (Vernon 1999), or whether the appointment of a purchasing agent for the county is governed exclusively by section 262.011 of the Local Government Code, which authorizes a special board to appoint a county purchasing agent, *see id.* § 262.011(a) (Vernon Supp. 2000). We conclude that section 262.011 requires that a Parker County purchasing agent be appointed by a special board constituted under subsection (a) of that section. Section 262.001, to the extent it may have once authorized the appointment of an agent to handle all county purchasing, has been superseded by section 262.011 as well as section 262.0115 of the Local Government Code and does not authorize the commissioners court to appoint a county purchasing agent, agent of contracts, or procurement officer.

You also ask whether the commissioners court violated the Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2000), by meeting in a closed session to appoint a purchasing agent because the court did not have the authority to make such an appointment. We conclude that the closed session did not violate the Open Meetings Act merely because the court lacked authority to make the appointment.

You provide the following background information: After the retirement announcement of the county's long-time purchasing agent, the commissioners court convened a special meeting to interview applicants to fill the position and met in closed session to deliberate regarding the applicants. The commissioners court also met in closed session to discuss the appointment at a subsequent meeting. After the second closed session, the commissioners court convened in open session and voted to fill the appointment. Following this action, the Parker County Treasurer sought

your opinion regarding the legality of the appointment. You opined that the commissioners court lacked authority to appoint a purchasing agent for the county and that only a special board consisting of the district judge and the county judge convened under section 262.011(a) of the Local Government Code could appoint a purchasing agent for the county. The county treasurer declined to sign any pay checks for the purchasing agent. The commissioners court met again and voted to change the purchasing agent's title to "agent of contracts/procurement officer." The county treasurer continued to decline to issue pay checks. Thereafter, the district judge and county judge agreed to appoint the commissioners court's candidate as acting purchasing agent of the county pending an opinion from this office. *See* Brief from Honorable Glen Wilson, Parker County Attorney, to Opinion Committee, Office of the Attorney General, at 1-2 (Nov. 8, 1999) (on file with Opinion Committee) [hereinafter "Requester's Brief"].

We address your first two questions together:

> Is the sole manner and means of selecting a "purchasing agent" in Parker County . . . found in the provisions of § 262.011 of the Texas Local Government Code, or may a Commissioners Court fill a Purchasing Agent position or otherwise appoint an individual to perform the same or similar tasks with an "agent to make a contract" by seeking authority under § 262.001 of the Texas Local Government Code?

> May a county commissioners' court circumvent the provisions of § 262.011 of the Texas Local Government Code by the appointment of an individual pursuant to § 262.001 of the Texas Local Government Code?

Letter from Honorable Glen Wilson, Parker County Attorney, to Opinion Committee, Office of the Attorney General, at 2 (Nov. 8, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. You ask, in essence, whether the commissioners court is authorized to appoint a purchasing agent pursuant to section 262.001, or whether the appointment of a purchasing agent for the county is governed exclusively by section 262.011, which authorizes a special board to appoint a purchasing agent. We conclude that section 262.011(a) controls the selection of a purchasing agent in Parker County and supersedes section 262.001 in this regard.

We begin with a brief review of the statutory scheme and its evolution. Section 262.001 provides that a commissioners court "may appoint an agent to make a contract on behalf of the county for: (1) erecting or repairing a county building; (2) supervising the erecting or repairing of a county building; or (3) any other purpose authorized by law." TEX. LOC. GOV'T CODE ANN.

§ 262.001(a) (Vernon 1999). Section 262.001 is the codification of former article 1580, which dated from 1846 and had been most recently revised in 1911.[1]

Beginning in 1933, the legislature enacted a series of special laws authorizing certain counties to appoint purchasing agents.[2] These provisions were repealed and codified as section 262.011 in 1987.[3] The legislature amended section 262.011 to make it applicable to all counties in 1989.[4] Section 262.011(a) now provides that "[a] board composed as provided by this subsection, by majority vote, may appoint a suitable person to act as the county purchasing agent." *Id.* § 262.011(a) (Vernon Supp. 2000). The county purchasing agent's duties include "purchas[ing] all supplies, materials, and equipment required or used, and contract[ing] for all repairs to property used, by the county," *id.* § 262.011(d), and supervising all purchases made on competitive bid, *id.* § 262.011(e). "A person other than the county purchasing agent may not make the purchase of the supplies, materials, or equipment or make the contract for repairs." *Id.* § 262.011(d). The county auditor may not draw and the county treasurer may not honor a warrant for a purchase unless the purchase is made by the county purchasing agent or on competitive bid as provided by law. *Id.* § 262.011(f).

Pursuant to section 262.011, in a county with a population of 150,000 or less, a purchasing agent is appointed by a board "composed of the judges of the district courts in the county and the county judge." *Id.* § 262.011(a). You inform us that Parker County has a population of less than 100,000 and that there is only one district judge in the county. Therefore, in Parker County a purchasing agent would be appointed by a board consisting of the district judge and the county judge.

---

[1]According to the historical and statutory notes following section 262.001 of the Local Government Code in the Vernon's Texas Codes Annotated, versions of this statute were enacted in 1846, 1879, 1895 and 1911. *See* TEX. LOC. GOV'T CODE ANN. § 262.001 historical & statutory note (Vernon 1999). Its most recent statutory predecessor, former article 1580, was repealed in 1987, when section 262.001 was codified in the Local Government Code. *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, §§ 1 (enacting Local Government Code), 49(1) (repealing former article 1580), 51 (no substantive change intended), 1987 Tex. Gen. Laws 707, 1307-08.

[2]*See, e.g.,* Act approved Feb. 9, 1933, 43d Leg., R.S., ch. 9, 1933 Tex. Gen. Laws 11; Act approved Mar. 30, 1933, 43d Leg., R.S., ch. 55, 1933 Tex. Gen. Laws 110; Act of Mar. 24, 1939, 46th Leg., R.S., ch. 9, § 1, 1939 Tex. Spec. Laws 602, 604; *see generally* TEX. REV. CIV. STAT. ANN. art. 1580 historical note (Vernon 1962 & Supp. 1986).

[3]*See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, §§ 1 (enacting Local Government Code), 49(3) (repealing Act approved Feb. 9, 1933, 43d Leg., R.S., ch. 9, 1933 Tex. Gen. Laws 11; Act approved Mar. 30, 1933, 43d Leg., R.S., ch. 55, 1933 Tex. Gen. Laws 110; Act of Mar. 24, 1939, 46th Leg., ch. 9, § 1, 1939 Tex. Spec. Laws 602, 604), 51 (no substantive change intended), 1987 Tex. Gen. Laws 707, 1308.

[4]*See* Act of May 29, 1989, 71st Leg., R.S., ch. 561, §§ 1, 2, 1989 Tex. Gen. Laws 1869; Act of May 29, 1989, 71st Leg., R.S., ch. 1250, §§ 5, 6, 1989 Tex. Gen. Laws 5046, 5048-49.

Also relevant to your query is section 262.0115 of the Local Government Code, which the legislature first enacted in 1989[5] and which now authorizes commissioners courts in counties exceeding 100,000 in population to employ a person to act as county purchasing agent. *See generally* Tex. Att'y Gen. LO-98-115 (discussing duties of section 262.0115 purchasing agent). While a purchasing agent appointed under section 262.011 may only be removed from office by the appointing board, *see* TEX. LOC. GOV'T CODE ANN. § 262.011(b) (Vernon Supp. 2000); *see also* Tex. Att'y Gen. LO-97-064 (board may abolish position of purchasing agent), a purchasing agent employed under section 262.0115 serves at the pleasure of the commissioners court, *see* TEX. LOC. GOV'T CODE ANN. § 262.0115(b) (Vernon Supp. 2000). Because Parker County's population is less than 100,000, the commissioners court is not authorized to employ a purchasing agent under section 262.0115.

We conclude that the express provision in sections 262.011 and 262.0115 for the appointment or employment of purchasing agents to handle all county purchasing supersedes the earlier and more general authority given to commissioners in section 262.001 to appoint an agent to make a contract on behalf of the county, at least to the extent that general provision may have once authorized the appointment of a purchasing agent with authority to handle all county purchasing. *See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1998) (special provision prevails as an exception to general provision). Our conclusion is supported by *Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948), in which the Texas Supreme Court concluded that the statutory predecessor to section 262.001, former article 1580, did not authorize a commissioners court to employ agents to superintend the county road system in light of more specific statutes expressly providing for the appointment of road superintendents: "Article 1580 was intended to cover the employment of agents in situations which are not covered by specific statutes. The specific statutes covering this particular situation are controlling in this case over the general provisions of Article 1580." *Id.* at 457. Furthermore, we note that the enactment of these provisions expressly authorizing the appointment or employment of purchasing agents suggests that section 262.001 and its statutory predecessors did not authorize a commissioners court to appoint or employ an agent to handle all county purchasing. *See* Tex. Att'y Gen. Op. No. O-2970 (1940) at 2-3 (noting that the legislature would not have enacted specific statutes authorizing appointment of purchasing agents if former article 1580 authorized appointment of purchasing agents and concluding that commissioners court that was not expressly authorized to appoint purchasing agent under any other statute lacked such authority).

Accordingly, we conclude that section 262.001, to the extent it may have once authorized a county commissioners court to appoint an agent to handle all county purchasing, has been superseded by sections 262.011 and 262.0115. A commissioners court is not authorized to appoint such a purchasing agent, agent of contracts, or procurement officer under section 262.001. Section 262.011 is the only provision providing for a purchasing agent in Parker County, given that its population is less than 100,000. Thus, in Parker County a purchasing agent must be appointed by a board consisting of the district judge and the county judge. *See* TEX. LOC. GOV'T CODE ANN.

---

[5]*See* Act of Feb. 1, 1989, 71st Leg., R.S., ch. 1, § 11(g), 1989 Tex. Gen. Laws 1, 14.

§ 262.011(a) (Vernon Supp. 2000). The commissioners court lacks authority to appoint or employ a purchasing agent, agent of contracts, or procurement officer.

You also ask about the authority and status of a purchasing agent appointed under section 262.001: "If [a commissioners court may appoint a purchasing agent under section 262.001], would that agent have authority to enter into multiple contracts on behalf of the county or simply one (1) contract pursuant to § 262.001 (a) and (b)? Would such an appointed agent be considered an employee of the county or an independent contractor?" Request Letter, *supra*, at 2. Because we conclude that a commissioners court is not authorized to appoint a purchasing agent, agent of contracts, or procurement officer to handle all county purchasing under section 262.001, we do not reach these questions. Although section 262.001 may still authorize a commissioners court to appoint an agent to make a specific contract on behalf of the county in certain limited circumstances, we need not address the scope of section 262.001 here.

Finally, you ask a question about the Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2000) (the "Act"), in connection with the commissioners court's attempt to appoint a purchasing agent:

> Is a "closed session" by the Parker County Commissioners' Court for the express purpose of hiring a "purchasing agent" a violation of the Texas Open Meetings Act because the selection process employed by the Commissioners Court did not comply with the provisions of § 262.011 of the Texas Local Government Code?

Request Letter, *supra*, at 2. This query suggests that a governmental body violates the Act as a matter of law when it meets in closed session to discuss a personnel matter over which it lacks ultimate authority. We do not believe, however, that a closed session held by a commissioners court to discuss a personnel matter related to a county purchasing agent is impermissible as a matter of law merely because the commissioners court lacks final authority with respect to the personnel matter.

The Act requires governmental bodies in this state, including county commissioners courts, to make all of their meetings open to the public, "except as provided by this chapter." *See* TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994); *see also id.* § 551.001(3)(B) (Vernon Supp. 2000) (defining "governmental body" to include "a county commissioners court"). Subchapter D of chapter 551 provides a number of exceptions to the open meetings requirement, which authorize a governmental body to conduct closed sessions to deliberate regarding various matters, *see id.* §§ 551.071-.086 (Vernon 1994 & Supp. 2000), including personnel matters, *see id.* § 551.074 (Vernon 1994). A final action on a matter deliberated in a closed session must be made in an open meeting. *See id.* § 551.102. Under the Act's enforcement provisions, "[a] member of a governmental body commits an offense if a closed meeting is not permitted under this chapter and the member knowingly . . . participates in the closed meeting." *Id.* § 551.144(a) (Vernon Supp. 2000). An action taken by a governmental body in violation of the Act is voidable. *Id.* § 551.141 (Vernon 1994).

Your brief states that the commissioners court discussed the appointment of a purchasing agent in closed session on the basis of section 551.074. *See* Requester's Brief, *supra*, at 4. Section 551.074 makes an exception to the general open meetings requirement, providing that the Act does not require a governmental body to conduct an open meeting "to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee." TEX. GOV'T CODE ANN. § 551.074(a)(1) (Vernon 1994). You ask, in essence, whether the closed session was unauthorized because the commissioners court did not have authority to appoint or employ a purchasing agent.

We do not believe that the section 551.074 exception for personnel matters necessarily requires that the commissioners court have final authority to appoint, employ, evaluate, reassign, discipline, or dismiss the particular county officer or employee discussed in a closed session in order for the closed session to comply with the Act. Rather, we believe that section 551.074 permits a commissioners court to hold a closed meeting to discuss the appointment of a purchasing agent because the appointment is public business that the commissioners court may discuss only in a properly noticed meeting and is a personnel matter affecting a county officer or employee.

The appointment of a purchasing agent is county business, the discussion of which a commissioners court may deliberate only in a properly noticed meeting, even if the commissioners court lacks ultimate authority with respect to the appointment. *See id.* §§ 551.001(2) (Vernon Supp. 2000) (defining "deliberation" as "a verbal exchange . . . concerning an issue within the jurisdiction of the governmental body or any public business"), (4)(A) (defining "meeting" to include deliberation "during which public business or public policy over which the governmental body has supervision or control is discussed or considered"), .041 (Vernon 1994) (notice requirement); *see also* Tex. Att'y Gen. Op. No. JC-0053 (1999) at 5 ("a governmental body need not have total and complete control over public business or public policy in order to be subject to the strictures of the Act"). Although the commissioners court does not have the authority to hire or fire a section 262.011 purchasing agent, such an agent has significant county duties, *see* TEX. LOC. GOV'T CODE ANN. § 262.011(d), (e), (j) (Vernon Supp. 2000) (purchasing agent duties), and his or her appointment is clearly an important county matter. In addition, the commissioners court exercises some supervisory control over such a purchasing agent. *See id.* § 262.011(j) (purchasing agent's transfer of supplies between county departments subject to approval of commissioners court), (o) (purchasing agent rules subject to approval by commissioners court). Finally, the county judge, who is a member of the commissioners court, is also a member of the special board charged with appointing a purchasing agent. *See id.* §§ 81.001 (Vernon 1999) ("The members of the commissioners court are the county judge and the county commissioners."); 262.011(a) (Vernon Supp. 2000) (in county with a population of 150,000 or less, county judge sits on board charged with appointing purchasing agent).

Given that discussion of the appointment of a county purchasing agent is public business that a commissioners court may discuss only in a properly noticed meeting, we next consider whether such a discussion may fall within the section 551.074 closed meeting exception for personnel matters. We believe that it may.

First, a purchasing agent is an "officer or employee" of the county and the appointment or employment of such an agent is clearly a personnel matter within the scope of section 551.074. *See* TEX. GOV'T CODE ANN. § 551.074(a)(1) (Vernon 1994) (authorizing closed session "to deliberate the *appointment, employment*, evaluation, reassignment, duties, discipline, or dismissal of a public *officer* or employee") (emphasis added). In addition, the express language of section 551.074 does not require that the governmental body have ultimate authority with respect to a personnel matter to discuss it in closed session. Although we have not located any case or opinion directly on point, the case law suggests that a governmental body of a government entity may discuss in closed session personnel matters regarding officers and employees of the government entity over which the governmental body does not have final authority. In *Spiller v. Texas Department of Insurance*, 949 S.W.2d 548 (Tex. App.–Austin 1997, pet. denied), for example, the court considered whether to void the termination of Department of Insurance employees who had lost their jobs in an agency reduction-in-force. The former employees contended that the three members of the State Board of Insurance discussed and took final action on the reduction in force in closed sessions. Authority to fire agency employees was vested in the Commissioner of Insurance. The court concluded that the Commissioner's independent authority to fire the employees made the validity of the Board's alleged approval of the reduction in force in a closed session irrelevant to the validity of the terminations. *See id.* at 550. There is no suggestion in that case that the Board's discussion of the reduction in force in a closed session violated the Act because the Board lacked the ultimate authority to terminate the employees.

Finally, the purpose of the section 551.074 exception to the open meetings requirement is to permit governmental bodies to preserve the reputation of public officers and employees. *See Cox Enterprises v. Board of Trustees of the Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958 (Tex. 1986) (citing Tex. Att'y Gen. Op. No. H-1045 (1977) at 4 ("The primary interest protected by section 2(g) permitting personnel matters to be discussed privately is that in avoiding possible unjustified harm to the reputation of the individual officer or employee under consideration.")). A governmental body of a government entity may have an interest in preserving the reputation of an officer or employee of the entity even if it does not have the ultimate authority with respect to the officer or employee. Thus, the conclusion that a commissioners court may discuss the appointment of a county purchasing agent in a closed session under section 551.074 is not inconsistent with the purpose of that exception.

We conclude that a closed session held by a commissioners court under section 551.074 to discuss the appointment of a county purchasing agent does not violate the Act as a matter of law merely because the commissioners court lacks ultimate authority with respect to the personnel matter. Although in this instance the commissioners court's eventual appointment of a purchasing agent was beyond its authority, we do not believe that the court's deliberation regarding the matter in closed session violated the Act. Of course, the final determination as to whether a particular closed session otherwise complied with the Act involves numerous questions of fact and is beyond the purview of this office. *See* Tex. Att'y Gen. Op. No. JC-0057 (1999) at 1 ("[W]e cannot determine in a legal opinion whether or not any person has actually violated the Open Meetings Act. This determination requires the investigation and resolution of fact questions, which cannot be done in an attorney general opinion."). Finally, we caution that our legal conclusion is limited to a

commissioners court's discussion of the appointment of a purchasing agent. We do not address the authority of a commissioners court, or any other governmental body, to discuss any other matter in a closed session under section 551.074 of the Government Code.

## S U M M A R Y

In Parker County a purchasing agent must be appointed by a board consisting of the district judge and the county judge. *See* TEX. LOC. GOV'T CODE ANN. § 262.011(a) (Vernon Supp. 2000). The Parker County Commissioners Court lacks authority to appoint or employ a purchasing agent, agent of contracts, or procurement officer.

A closed session held by a commissioners court under section 551.074 of the Texas Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2000), to discuss the appointment of a county purchasing agent does not violate the Act as a matter of law merely because the commissioners court lacks ultimate authority with respect to the personnel matter.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee