6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00018-CV
______________________________



IN RE: ANTHONY E. GILL





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Anthony E. Gill has filed a petition for writ of mandamus in which he asks this Court to order
the 23rd Judicial District Court of Brazoria County to rule on his request for hearing and trial setting,
to change its judgment to include damages, and to issue a final judgment on his Deceptive Trade
Practices Act (DTPA) claim.


 In the underlying lawsuit, Gill sued Boyd Distribution Center,
claiming injury because cans of Ensure that he purchased from the prison commissary were marked
"not for retail sale," and were not nutritionally equivalent to the standard retail product. 
Â Â Â Â Â Â Â Â Â Â Â Â In the last mandamus brought by Gill, he complained that no judgment had ever been entered
in accordance with our opinion and mandate. However, the trial court conducted a hearing with Gill
present in December 2002. We were informed by the trial court that it had instructed Gill to submit
a proposed judgment, that Gill has never done so, and that it stood ready to sign an appropriate
judgment on the matter. 
Â Â Â Â Â Â Â Â Â Â Â Â According to allegations in this petition for writ of mandamus, which has no documentation
attached, the trial court signed a judgment June 20, 2003, to which Gill takes exception. He
contends that the judgment is not final because it did not include liquidated damages and complains
that he has been unable to obtain a hearing at which he could offer proof of damages. He further
contends the trial court has failed to do its ministerial duty to render damages. Tex. R. Civ. P. 241
provides that, in the context of a default judgment, when a claim is liquidated, the damages are to
be assessed by the trial court. Gill states he set out the actual damages in his petition (the cost of the
Ensure), thus taking the position he proved his damages under and by an instrument in writing. Gill
calculates the maximum amount of damages he is due under the DTPA totals $56.00. However, he
also states he is entitled to judgment for a total of $13,810.02, which presumably includes other
matters not clearly articulated in this petition.
Â Â Â Â Â Â Â Â Â Â Â Â He therefore seeks two forms of reliefâeither that we order the trial court to hold a hearing
on damages, or that we direct the court to award damages pursuant to Rule 241.
Â Â Â Â Â Â Â Â Â Â Â Â Gill also complains because the trial court did not award attorney's fees. Attorney's fees,
however, are only recoverable when an attorney is involved, and are not recoverable when a party
is acting pro se. Beasley v. Peters, 870 S.W.2d 191 (Tex. App.âAmarillo 1994, no writ). 
Â Â Â Â Â Â Â Â Â Â Â Â Gill also asks this Court to render the judgment the trial court should have rendered, because
the amounts involved are not at issue. We will not render a judgment in response to a petition for
writ of mandamus, but can only direct the trial court to take action. We further note that, if the final
judgment eventually rendered is unsatisfactory to Gill, his recourse will be through a direct appeal
to the court of appeals covering the geographic district of the trial court, not to this Court.
Â Â Â Â Â Â Â Â Â Â Â Â Gill has not provided us with sufficient supporting information to allow us to enter a
mandatory ruling. We recognize that, while we may not prescribe the manner in which a trial court
exercises its discretion in ruling on a motion, we may, by mandamus, order a trial court to exercise
its discretion in some manner. Cooke v. Millard, 854 S.W.2d 134, 135 (Tex. App.âHouston [1st
Dist.] 1992, orig. proceeding). 
Â Â Â Â Â Â Â Â Â Â Â Â We do not have a record of the ruling of the trial court. It is apparent this case should be
brought to finality through entry of a damage award as found appropriate by the trial court, but
without the underlying information to show what the court has been asked to do, or the nature of the
proof provided to the court, we do not know what action has been requested of or taken by the trial
court. 
Â Â Â Â Â Â Â Â Â Â Â Â Under these circumstances, we cannot issue a mandamus against the trial court.
Â Â Â Â Â Â Â Â Â Â Â Â We deny the petition.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â February 10, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â February 11, 2004



den="false"
 UnhideWhenUsed="false" Name="Medium Shading 1 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00024-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  KEN W.
GOOD, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  SMITH COUNTY JUDGE, JOEL P. BAKER AND

COMMISSIONER PRECINCT NO.
1, JOANN FLEMING, Appellees

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 7th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Smith County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 08-2718-A

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Opinion by Chief Justice Morriss

Dissenting Opinion by Justice Carter

Â 








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  O P I N I O N

Â 

Â Â Â Â Â Â Â Â Â Â Â  Whether
and how Smith County[1]
might get a new jail has been an ongoing public issue.Â  Recently, in some fallout from that debate,
Ken W. Good sought a judgment declaring that Joel P. Baker, the Smith County
Judge, and JoAnn Fleming, the Commissioner for Smith County Precinct Number 1,
had violated[2]
the Texas Open Meetings Act (TOMA) by attending meetings to develop a jail plan
in secret.[3]Â  He sought Âmandamus/injunctionÂ seeking to
Âstop, prevent, or reverse these violations and any potential violations in the
future.Â[4]Â  Trial to a jury resulted in a quite cryptic
judgment, which merely recited the jury verdict and awarded Baker and Fleming
attorneysÂ fees in the amount of $62,338.70.

Â Â Â Â Â Â Â Â Â Â Â  On
appeal, Good argues that this judgment is not final because it does not address
his claims for declaratory judgment and injunctive relief.Â  He also argues that the trial court erred in
awarding attorneysÂ fees in the absence of a pleading to support the
award.Â  Good challenges the legal
sufficiency of the trial courtÂs findings of fact and complains specifically
about the trial courtÂs admission of the attorneysÂ bills and affidavits in
support of the reasonableness and necessity of the attorneysÂ fees.Â  We affirm, because (1) the trial courtÂs judgment
is final, (2) the award of attorneysÂ fees is supported by a pleading, (3) the
award of attorneysÂ fees is supported by sufficient evidence, and (4) admitting
the affidavits and bills into evidence was harmless error.

(1)Â Â Â Â Â Â Â  The Trial CourtÂs
Judgment Is Final

Â Â Â Â Â Â Â Â Â Â Â  In his first
issue, Good questions the finality of the trial courtÂs cryptic judgment.Â  In its entirety, the body of the judgment
reads:

Â Â Â Â Â Â Â Â Â Â Â  The
aforementioned case came to trial in this Court during the week of September
21, 2009.Â  After a trial on the merits to
a jury, the jury found for Defendants.Â 
After the trial, on December 11, 2009, the Court considered DefendantÂs
Motion of AttorneysÂ Fees and PlaintiffÂs Response thereto.Â  The Court after having considered the
pleadings and arguments of counsel, the Court finds that Defendants are entitled
to attorneysÂ fees and costs in the amount of $62,338.70.

Â Â Â Â Â Â Â Â Â Â Â  IT
IS THEREFORE ADJUDGED AND DECREED that Plaintiff shall reimburse Defendants for
reasonable attorneysÂ fees and costs in the amount of $62,338.70.

Â 

Good complains that the judgment
is not final, since it is just an award of attorneysÂ fees, not any ruling on
his request for declaratory judgment or mandamus/injunction.[5]

Â Â Â Â Â Â Â Â Â Â Â  This
Court has jurisdiction only over appeals from final decisions of trial courts
and from a few, statutorily listed interlocutory orders.Â  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); see Tex. Civ. Prac. &
Rem. Code Ann. Â§ 51.014 (Vernon 2008).Â 
It can be a difficult task to answer the question of finality when a
judgment lacks clarity.Â  Given that Âall
too often judgments which were obviously intended
to be final were being held interlocutory because of careless draftsmanship,Â
the Texas Supreme Court employs a Âlong recognizedÂ Âpresumption of finality
for judgments that follow a trial on the merits.ÂÂ  Vaughn
v. Drennon, 324 S.W.3d 560, 562 (Tex. 2010); Moritz v. Preiss, 121 S.W.3d 715, 718 (Tex. 2003); N. E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966) (origin of ÂAldridge
presumptionÂ).Â  The Aldridge presumption states: 

When a judgment, not intrinsically interlocutory
in character, is rendered and entered in a case regularly set for a
conventional trial on the merits, no order for a separate trial of issues
having been entered pursuant to [our procedural rules,] it will be presumed for
appeal purposes that the Court intended to, and did, dispose of all parties
legally before it and of all issues made by the pleadings between such parties.

Â 

400 S.W.2d at 897Â98.Â  Under the Aldridge
presumption, Âa trial courtÂs judgment need not expressly dispose of all issues
and claims in order to be final.ÂÂ  Vaughn, 324 S.W.3d at 562.Â  ÂIf there is any doubt as to the judgmentÂs
finality, then Â[f]inality must be resolved by a determination of the intention
of the court [as] gathered from the language of the decree and the record as a
whole, aided on occasion by the conduct of the parties.ÂÂÂ  Id.
at 563 (quoting Lehmann, 39 S.W.3d at
203).

Â Â Â Â Â Â Â Â Â Â Â  We
conclude that the trial court judgment is final.Â  The judgment is titled ÂFinal Judgment.ÂÂ  It was entered after a jury trial on the
merits and a subsequent bench trial on attorneysÂ fees.Â  Because the jury found Baker and Fleming did
not violate TOMA, there was no practical need for the court to address
declaratory judgment and mandamus/injunction claims, which would have required
a predicate finding against Baker and Fleming.Â 
The record reveals nothing to otherwise Âindicate the trial court did
not intend to finally dispose of the entire case.ÂÂ  In re
Guardianship of Moon, 216 S.W.3d 506, 509 (Tex. App.ÂTexarkana 2007, no
pet.) (citing Moritz, 121 S.W.3d at
719).Â  Moreover, there was no motion by
defendants seeking entry of any further judgment, or any further request or
suggestion made by Good to the trial court seeking action on his claims for
declaratory judgment and/or the mandamus/injunction.Â  While, admittedly, there is no explicit legal
declaration within this judgment of the legal effect of the jury verdict, the
trial court later denied a motion for judgment non obstante veredicto filed by Good, strongly suggesting the trial
courtÂs intent that reciting the juryÂs verdict in the ÂFinal JudgmentÂ
indicated the trial courtÂs decision on the merits.Â  All those factors are consistent with the
application of the Aldridge
presumption.Â  See Aldridge, 400 S.W.2d at 897Â98.Â 
The trial courtÂs judgment was final and appealable.Â  See
Moon, 216 S.W.3d at 508Â09.

(2)Â Â Â Â Â Â Â  The
Award of AttorneysÂ Fees Is Supported by a Pleading

Â Â Â Â Â Â Â Â Â Â Â  A jury trial was held in September
2009 on the underlying issues of the Open Meetings Act.Â  Before jury deliberation, the parties entered
into the following stipulation entered into the record:[6] 

And that counsel for the Plaintiff and Defendant
have agreed and stipulated that weÂre not going to submit the issue of
attorneys fees to the jury, and instead we would reserve that and after the trial
weÂll either have stipulations with respect to that issue or submit it to the
Court for the CourtÂs consideration if to assess and how much to assess.

Â 

Â Â Â Â Â Â Â Â Â Â Â  On
December 4, 2009, approximately three months after receiving a favorable jury
verdict, Baker and Fleming filed a motion for attorneysÂ fees under TOMA and
the Uniform Declaratory Judgment Act (UDJA).Â 
At the conclusion of the bench trial on attorneysÂ fees held December
11, 2009, the trial court awarded Baker and Fleming $62,338.70.Â  

Â Â Â Â Â Â Â Â Â Â Â  Good
argues that no affirmative pleading requesting attorneysÂ fees was filed, in
that Baker and FlemingÂs answer requested merely that they be Âaward[ed] all
other relief to which [they are] entitled.ÂÂ 


Â Â Â Â Â Â Â Â Â Â Â  The
decision to grant or deny attorneysÂ fees under TOMA and the UDJA[7]
is within the trial courtÂs discretion and cannot be reversed absent an abuse
of discretion.Â  Swate v. Medina Cmty. Hosp., 966 S.W.2d 693, 701 (Tex. App.ÂSan
Antonio 1998, pet. denied); Estopar
Holdings, Inc. v. Advanced
Metallurgical Tech., Inc., 876
S.W.2d 205, 210 (Tex. App.ÂFort Worth 1994, no writ).

Â Â Â Â Â Â Â Â Â Â Â  ÂAbsent a
mandatory statute, a trial courtÂs jurisdiction to render a judgment for
attorneyÂs fees must be invoked by pleadings, and a judgment not supported by
pleadings requesting an award of attorneyÂs fees is a nullity.ÂÂ  Alan
Reuber Chevrolet, Inc. v. Grady
Chevrolet, Ltd., 287 S.W.3d 877,
884 (Tex. App.ÂDallas 2009, no pet.) (quoting State v. Estate of Brown, 802 S.W.2d 898, 900 (Tex. App.ÂSan
Antonio 1991, no writ) and citing In re
Pecht, 874 S.W.2d 797, 803 (Tex. App.ÂTexarkana 1994, no writ)).Â  In TOMA and UDJA actions, an award of
attorneysÂ fees is permissive, not mandatory.Â 
See Tex. Civ. Prac. & Rem. Code Ann. Â§ 37.009 (Vernon 2008); Tex. GovÂt Code Ann. Â§ 551.002 (Vernon
2004).[8]Â  Therefore, to be entitled to an award of
attorneysÂ fees under TOMA or the UDJA, Baker and Fleming were required to file
an affirmative pleading requesting them, unless the issue was waived or tried
by consent. Â Alan Reuber Chevrolet, 287 S.W.3d at 884; see Klaver v. Klaver, 764 S.W.2d 401,
405 (Tex. App.ÂFort Worth 1989, no writ); Wolters
v. White, 659 S.W.2d 885, 888Â89 (Tex. App.ÂSan Antonio 1983, writ dismÂd).

Â Â Â Â Â Â Â Â Â Â Â  We
find that the motion for attorneysÂ fees filed by Baker and FlemingÂeven though
it was filed three months after the juryÂs verdictÂconstituted a written pleading
supporting the attorneysÂ fee award.[9]Â  This case is similar to the Swate case.Â  See
Swate, 966 S.W.2d 693.Â  In that case, Tommy Swate filed a petition
for declaratory judgment and injunctive relief alleging violations of TOMA
committed by the Medina County Hospital board.Â 
Id. at 695Â96.Â  In a bench trial, the judge denied relief
sought in SwateÂs petition.Â  Id. at 696.Â  Before final judgment was entered, the
hospital filed a motion for attorneyÂs fees, and the court granted it.Â  Id.Â  Swate argued that the trial court erred in
awarding attorneyÂs fees, because the HospitalÂs pleadings did not support such
an award.Â  Id. at 701.Â  Our sister court
in San Antonio rejected SwateÂs argument, reciting the following:

The trial court has discretion to grant a partyÂs
request for a post-verdict, pre-judgment trial amendment unless Âthe opposing
party presents evidence of surprise or the amendment asserts a new cause of
action, and thus is prejudicial on its face, and the opposing part [sic] objects
to it.Â Â Similarly, post-verdict motions
for attorneyÂs fees that effectively serve as trial amendments may be granted
within the trial courtÂs discretion.

Â 

Id. (citations omitted).Â  Reasoning that a party is not entitled to
attorneysÂ fees under TOMA until it has prevailed, the San Antonio court held
that post-trial motion, filed before entry of a final judgment, was sufficient
to support the award.Â  Id. at 702.Â  Here, although Good objected to the motion
for attorneysÂ fees, focusing on the issue of trial by consent and lack of
other pleading to support the award, Good did not allege or otherwise present
Âevidence of surprise or injury,Â or allege that the motion asserted a new
cause of action such that it was prejudicial on its face.Â  Id.
at 701Â02.[10]Â  Therefore, consistent with Swate, we find that the trial court was
within its discretion in awarding attorneysÂ fees based on Baker and FlemingÂs
pleading, their post-verdict, prejudgment motion for attorneysÂ fees.[11]

(3)Â Â Â Â Â Â Â  The Award of AttorneysÂ
Fees Is Supported by Sufficient Evidence

Â Â Â Â Â Â Â Â Â Â Â  The
trial court entered findings of fact and conclusions of law.[12]Â  Good challenges two of these findings for
legal sufficiency only.[13]Â  

Â Â Â Â Â Â Â Â Â Â Â  The
first challenged finding is ÂDefendantsÂ pleaded for attorneysÂ fees in the
amount of $80,903.38, but at the hearing waived $640.00.Â  The Court disallowed an additional $2,340.00,
leaving $77,929.38 prayed for.ÂÂ 
Specifically, Good argues:

The evidence has demonstrated conclusively that
the defendants did not plead a claim for attorneyÂs fees.Â  Further, there is no evidence that they plead
[sic] a claim for $80,903.38.Â  In
addition, the evidence relating to the specific amounts is from the PlaintiffÂs
Exhibit A which was the sole exhibit admitted at trial and it was not properly
authenticated or proven to be a business record.Â  Therefore, there is no evidence to support
this finding for two reasons: Â (1) there
is no evidence that the defendantsÂ plead [sic] for attorneyÂs fees; and (2)
the amounts are only supported by an exhibit that was wrongfully admitted.

Â 

Â Â Â Â Â Â Â Â Â Â Â  By
concluding, above, that the motion for attorneysÂ fees was a pleading that
supported the award of attorneysÂ fees, we have disposed of GoodÂs first
argument.Â  We now address whether there
was Âevidence relating to the specific amountsÂ in the trial courtÂs
finding.Â  

Â Â Â Â Â Â Â Â Â Â Â  ÂWhen
an appellant is challenging the legal sufficiency of the evidence to support a
finding on which it did not have the burden of proof at trial, the appellant
must demonstrate on appeal that no evidence exists to support the adverse
finding.ÂÂ  Brockie v. Webb, No. 05-09-00833-CV, 2010 WL 5395658, at *3 (Tex.
App.ÂDallas Dec. 30, 2010, no pet.) (discussing standard for addressing
challenges to legal and factual sufficiency of attorneysÂ fees) (citing Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983); Westech EngÂg, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.
App.ÂAustin 1992, no writ)).Â  When
reviewing the record, we determine whether any evidence supports the award of
attorneysÂ fees.Â  Id. Â If more than a scintilla
of evidence in support exists, the legal sufficiency challenge fails.Â  Id. (citing
Formosa Plastics Corp. USA v. Presidio
EngÂrs & Contractors, Inc.,
960 S.W.2d 41, 48 (Tex. 1998)).

Â Â Â Â Â Â Â Â Â Â Â  The
crux of this issue is the form of the attorneysÂ fees evidence presented here,
representations to the trial court by counsel.Â 
Baker and FlemingÂs counsel stated to the trial court that the total
bill was $80,903.38.Â  At the hearing,
Good challenged specific portions of the bill to which Baker and FlemingÂs
counsel stated, Â[W]eÂre happy not to charge.ÂÂ 
The record establishes Baker and Fleming agreed to reduce their bill by
the following charges:Â  Â$60.00Â for
Âsomething in here that was pursuant to that Travis County litigation,Â[14]
Â$520.00Â for Âanother reference to the Austin litigation,Â and two Â$30.00Â
charges for Âtelephone call to Stan Springerly regarding Attorney General
opinion request,Â totaling $640.Â  As to
the Â$2,340.00 that was for E-Mails,Â Good complained that Âthey billed like
7.6 hours, 4.1 hours, 4.2 hoursÂ for review of ÂE-mails that were previously
produced by Ms. Fleming,Â and that these charges amounted to Âfifteen hundred
and twenty[,] eight hundred and twenty, eight hundred and forty.ÂÂ  It appears the trial court disallowed
recovery for the first two charges of $1,520 and $820, totaling $2,340, and
allowed recovery for the $820 charge. 

Â Â Â Â Â Â Â Â Â Â Â  An
attorneyÂs unsworn statements constitute evidence where no objection is made to
the absence of the oath.Â  Banda v. Garcia, 955 S.W.2d 270, 272 (Tex.
1997); Dirksen v. Flynn, No.Â 04-10-00126-CV,
2011 WL 192651, at *3 (Tex. App.ÂSan Antonio Jan. 12, 2011, pet. filed) (mem.
op.).Â  Because more than a scintilla of
evidence existed to support the first finding of which Good complainsÂthat
Baker and Fleming pled for $80,903.38 in attorneysÂ fees, Âwaived $640Â of the
bill, and the trial court did Ânot give any credit for $2,340.00 that was for
E-MailsÂÂwe overrule GoodÂs legal sufficiency challenge to this finding.

Â Â Â Â Â Â Â Â Â Â Â  Good
next complains that no evidence supported the trial courtÂs finding of a
reasonable attorneysÂ fee award in the amount of $62,338.70.Â  The Texas Disciplinary Rules of Professional
Conduct Rule 1.04 is a guide for the fact-finder determining reasonableness and
necessity of attorneysÂ fees. Â Banda, 955 S.W.2d at 272; Dirksen, 2011 WL 192651, at *3; Bean, 206 S.W.3d at 763.Â  The standards prescribed by Rule 1.04
include: Â (1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill
required to perform the legal service properly; (2) the likelihood that the
acceptance of the particular employment will preclude other employment by the
lawyer; (3) the fee customarily charged in the locality for similar legal
services; (4) the amount involved and the results obtained; (5) the time
limitations imposed by the client or by the circumstances; (6) the nature and
length of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and (8)
whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services have been rendered. Â See Tex. Disciplinary R. ProfÂl Conduct 1.04(b), reprinted in Tex. GovÂt Code Ann., tit. 2, subtit. G app. A-1 (Vernon
2005).

Â Â Â Â Â Â Â Â Â Â Â  Counsel
for Baker and Fleming stated he wished to present evidence on, and argued each
of, the above factors during the bench trial.Â 
Baker and FlemingÂs counsel testified the total fee sought was
$80,903.38.Â  With respect to the first
factor, counsel argued that the TOMA case required considerable research due to
the novelty of the issues involved, that Baker and Fleming Âproduced a little
over 2,000 pages to Mr. Good at various points,Â that ÂMr. Good produced
approximately 2,664 pages of discoveryÂ and Âtook approximately nine
depositions,Â and that Âthis case had pretty substantial discovery at every
level.Â Â The level of complexity and
amount of discovery Ârequired [counsel] to take time out of our
schedules.ÂÂ  Baker and FlemingÂs
attorneys represented Smith County for years and dedicated their practices Âto
the representation of governmental entities and elected officials.ÂÂ  Counsel testified that Âmy hourly fee is
$150.00 an hour.Â  Mr. DavisÂ hourly fee
is $200.00 an hourÂ and that the fee was Âan extremely reasonable feeÂ
considering Âthere are some attorneys here in East Texas who are charging
$400.00 an hour.Â Â Baker and Fleming
reiterated that the case was filed a few days after Election Day, Â[t]he
reputations of our County governmental officialsÂ were at stake, and the case
was set for trial in September, prior to the following Election Day.Â  The nature of the case and the Âelected
officials who are on various committees and the latter part of summer when a
lot of people are away on vacationÂ led to Âsignificant time limitation[s].ÂÂ  The fees were fixed hourly charges, not
contingent on the outcome.

Â Â Â Â Â Â Â Â Â Â Â  The
trial court affirmatively stated it considered these factors.Â  It considered the time spent in research,
drafting, answering pleadings, attending hearings, taking depositions, and
noted that Âtrying a week-long jury trial precluded or prevented employment of
the attorneys in other legal matters.ÂÂ 
The court found that the fees requested were the same customarily
charged, $150Â200 per hour, that the attorneys obtained the best possible
result by winning the juryÂs verdict, and that the Âexperience, reputation, and
ability of the attorneys on both sides were of the highest caliber.Â 

Â Â Â Â Â Â Â Â Â Â Â  The trial court also reduced the
attorneysÂ fee award.Â  It stated:

Defense counsel won an 11-1
verdict after the Court required further deliberation by a jury that was, at
the time, divided 7-5.Â  In the CourtÂs
opinion, then and now, the verdict could have gone either way . . . . the Court
did not find Plaintiff to have acted in bad faith . . . .Â  The Court reduced the amount of defense
attorneyÂs fees by 20% to compensate Plaintiff for any fault or responsibility
of Defendants for informally planning the jail bond election.Â  Defendants, aware two previous jail bond
elections had failed, proceeded as a self-appointed committee, however
lawfully, innocently, or well-intentioned, to plan a third such election.Â  They knew, or should have known, their
actions would invite scrutiny, condemnation, and possible legal action by
determined jail bond opponents.Â  Because
they chose to depart from the customary method of planning a bond election,
they bear some degree of responsibility for what followed.

Â 

A twenty-percent reduction of the
$77,929.38 sought, yields the amount of the award, $62,338.70.

Â Â Â Â Â Â Â Â Â Â Â  Because
more than a scintilla of evidence supports the second complained-of finding (as
well as the award), we find it was supported by legally sufficient evidence.

(4)Â Â Â Â Â Â Â  Admitting the
Affidavits and Bills into Evidence Was Harmless Error

Â Â Â Â Â Â Â Â Â Â Â  A trial courtÂs
decision to admit or exclude evidence is reviewed for abuse of discretion. Interstate Northborough PÂship v. State,
66 S.W.3d 213, 220 (Tex. 2001). 

Â Â Â Â Â Â Â Â Â Â Â  (A)Â Â Â Â Â Â  The Affidavits

Â Â Â Â Â Â Â Â Â Â Â  Baker
and FlemingÂs motion for attorneysÂ fees attached the affidavits of Darren
Coleman and Deborah Bonner.Â  Each
affidavit stated:

I have reviewed the bills of the DefendantsÂ
attorneys in the present case.Â  In my
opinion, the bills in the present case represent the reasonable value of
attorneys fees, costs, and expenses reasonably incurred in the present
litigation.Â  Furthermore, the fee charged
by the attorneys in the present litigation was reasonable and commensurate with
the fees charged in the East Texas area.Â 
In considering the reasonableness and necessity of the attorneysÂ fees,
I considered the fact that there were approximately 2028 pages of documents
produced by Defendants in the present action.Â 
I also considered the fact that there were 2664 pages of documents
produced by Plaintiff in the present action.Â 
I also considered the fact that the parties took approximately 10 depositions
in the present action.

Â 

Â Â Â Â Â Â Â Â Â Â Â  On
the same date as the bench trial on the attorneysÂ fees, Good filed a written
objection to the affidavits on the bases that Coleman and Bonner were not
timely disclosed[15]
and that filing of the affidavits constituted surprise.Â  

A party who fails to make, amend, or supplement a
discovery response in a timely manner may not introduce in evidence the
material or information that was not timely disclosed, or offer the testimony
of a witness (other than a named party) who was not timely identified, unless
the court finds that: 

Â Â Â Â Â Â Â Â Â Â Â  (1)Â Â Â Â Â Â Â  there was good cause for the failure to
timely make, amend, or supplement the discovery response; or

Â Â Â Â Â Â Â Â Â Â Â  (2)Â Â Â Â Â Â Â  the failure to timely make, amend, or
supplement the discovery response will not unfairly surprise or unfairly
prejudice the other parties.

Â 

Tex.
R. Civ. P. 193.6(a).Â  The rule is
mandatory, and the penaltyÂexclusion of evidenceÂis automatic, absent a showing
of: Â (1) good cause, (2) lack of unfair
surprise, or (3) unfair prejudice.Â  PilgrimÂs Pride Corp. v. Smoak, 134
S.W.3d 880, 902 (Tex. App.ÂTexarkana 2004, pet. denied).Â  The burden of establishing good cause or lack
of unfair surprise was on Baker and Fleming.Â 
Wal-Mart Stores, Inc. v. Tinsley, 998 S.W.2d 664, 671
(Tex. App.ÂTexarkana 1999, pet. denied); see
Tex. R. Civ. P. 193.6(b).Â  While the trial court has the discretion to
determine whether the offering party has met his or her burden of showing good
cause to admit the testimony, and good cause may be implicitly found, the
Ârecord must support a finding of good cause or lack of unfair surprise.ÂÂ  Smoak,
134 S.W.3d at 902; Tinsley, 998
S.W.2d at 671 (citing Alvarado, 830
S.W.2d at 914).

Â Â Â Â Â Â Â Â Â Â Â  Our
review of the record indicates that there is no evidence of good cause in this
record.Â  Baker and Fleming argue a lack
of unfair surprise or prejudice in that Â[i]t was abundantly clear that
attorneyÂs fees are an issue in this case.ÂÂ 
Good rebuts this argument by claiming that he did not realize that Baker
and Fleming were seeking attorneysÂ fees until the filing of the motion for
attorneysÂ fees.Â  He argues that, if
Baker and Fleming believed they were going to trial on the issue of their
attorneysÂ fees, they were required to supplement their requests for
disclosures.Â  Resolution of whether Good
experienced unfair surprise or prejudice due to the filing of the affidavits is
unnecessary. 

Â Â Â Â Â Â Â Â Â Â Â  At
the hearing, Good objected that the affidavits were hearsay.Â  Affidavit testimony is sufficient to serve as
proof that attorneysÂ fees are reasonable and necessary if submitted in correct
form.Â  Tex.
Civ. Prac. & Rem. Code Ann. Â§ 18.001 (Vernon 2008).Â  If, however, the affidavits of attorneysÂ
fees do not comport with the statute, they are inadmissible hearsay.Â  Adams
v. State Farm Mut. Auto. Ins. Co., 264 S.W.3d 424, 430 (Tex. App.ÂDallas
2008, pet. denied); Hong v. Bennett,
209 S.W.3d 795, 800 (Tex. App.ÂFort Worth 2006, no pet.) (citing Castillo v. Am. Garment Finishers Corp.,
965 S.W.2d 646, 654 (Tex. App.ÂEl Paso 1998, no pet.); Beauchamp v. Hambrick, 901 S.W.2d 747, 749 (Tex. App.ÂEastland
1995, no writ)).Â  Section 18.001 requires
that the affidavits be made by persons who provided the service or by persons
in charge of the records showing the service provided and charge made.Â  Tex.
Civ. Prac. & Rem. Code Ann. Â§ 18.001(2).Â  The affidavits were required to be served at
least thirty days before the date on which evidence was first presented at the
bench trial.Â  Tex. Civ. Prac. & Rem. Code Ann. Â§Â 18.001(d).Â  Here, there was no evidence in the record
that Coleman and Bonner provided any service to Baker and Fleming, that they
were in charge of records, or that they were otherwise affiliated with Baker
and FlemingÂs counsel.Â  Moreover, the
affidavits were filed December 4, 2009, and the trial on attorneysÂ fees was
held seven days afterward.Â  Thus, Baker
and FlemingÂs counsel did not comply with the requirement of serving a copy of
the affidavits to Good at least thirty days before the trial.Â  Therefore, the affidavits were inadmissible
hearsay.Â  Adams, 264 S.W.3d at 430.Â  It
was error to admit them.

Â Â Â Â Â Â Â Â Â Â Â  (B)Â Â Â Â Â Â  The Bills

Â Â Â Â Â Â Â Â Â Â Â  GoodÂs
only written objection to the bills was on the basis that they included items
incurred in the Travis County litigation.Â 
This is not a point of complaint on appeal.[16]Â  Rather, GoodÂs complaint deals with an oral
hearsay objection and objection regarding the Âevidentiary predicateÂ to
authenticate the bills.Â  

Â Â Â Â Â Â Â Â Â Â Â  During
the hearing, Baker and FlemingÂs counsel referred to the bills and stated Âas
an Officer of the Court, I would represent to you these fees are reasonable. Â We believe that if anything, the fees that we
charge are moderate and that the work that we did was necessary.ÂÂ  The following events led to GoodÂs oral
objections:

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT: Well, I understood he was offering
it as evidence.Â  I didnÂt hear those
specific words, but is that your intent to offer that as evidence, the document
entitled ÂFeesÂ that was dated December 8th, 2008?

Â 

Â Â Â Â Â Â Â Â Â Â Â  MR.
IGLESIAS [for Baker and Fleming]:Â  IÂm
sorry.Â  IÂm not entirely sure which
document.

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT:Â  Well, itÂs on your letterhead as
Exhibit F on your Motion for AttorneyÂs Fees, in which you outlined what your Â
how your fees were earned and how much was earned.

Â 

Â Â Â Â Â Â Â Â Â Â Â  MR.
IGLESIAS:Â  Well, yes, Judge.Â  We do hope that that is considered by the
Court in making its determination, and these are certainly the fees that weÂre
seeking.

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT:Â  Well, are you offering those as
an Exhibit Â

Â 

Â Â Â Â Â Â Â Â Â Â Â  MR.
IGLESIAS:Â  Yes, sir, we are.

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT: -- in the hearing?

Â 

Â Â Â Â Â Â Â Â Â Â Â  MR.
IGLESIAS:Â  Yes, sir.Â  WeÂre submitting that as Exhibit F into
evidence.

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT:Â  ThatÂs admitted, by the way. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  MR.
IGLESIAS:Â  Thank you, Judge. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  MS.
KENT [for Good]:Â  Your Honor, we had an
objection to them.Â  ThereÂs not been
evidentiary predicate to Exhibit F . . . . 

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  .
. . .

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT:Â  Let me say this.Â  The Court is of the opinion that if thereÂs
any error in the CourtÂs accepting . . . the statement of fees which were
prepared by the attorneys, that is harmless error[17]

Â 

Â Â Â Â Â Â Â Â Â Â Â  .
. . .

Â 

Â Â Â Â Â Â Â Â Â Â Â  MS.
KENT:Â  . . . . And then next we object to
the admission of the exhibit because the affidavit and exhibit attached to that
affidavit Â because itÂs hearsay .Â .Â .Â .

Â 

Â Â Â Â Â Â Â Â Â Â Â  Rule
901 of the Texas Rules of Evidence requires, as a condition precedent to
admissibility, that there be Âevidence sufficient to support a finding that the
matter in question is what its proponent claims.ÂÂ  Tex. R.
Evid. 901(a).Â  This can be done by
testimony of a witness with knowledge that the matter is what it is claimed to
be.Â  Tex.
R. Evid. 901(b)(1).Â  The bills
were on the attorneyÂs letterhead, and counsel stated while referring to them,
Âthese are certainly the fees that weÂre seeking.ÂÂ  Counsel offered them as the fees that were
earned and how much was earned and stated, ÂWe were very careful when we went
through these bills.ÂÂ  We find that the
trial court, in its discretion, could conclude that the attorneyÂs testimony
was sufficient to prove the bills were genuine.

Â Â Â Â Â Â Â Â Â Â Â  Next,
Good objected to the bills as hearsay and stated there was Ânot a business
record predicate laid in connection with this.ÂÂ 
Rule 803(6) creates a hearsay exception for properly authenticated
business records.Â  See Tex. R. Evid. 803(6).Â  The foundation for the business records
exception has four requirements: Â (1) the
records were made and kept in the course of a regularly conducted business
activity, (2) it was the regular practice of the business activity to make the
records, (3) the records were made at or near the time of the event that they
record, and (4) the records were made by a person with knowledge who was acting
in the regular course of business.Â  Powell v. Vavro, McDonald, & Assocs.,
136 S.W.3d 762, 765 (Tex. App.ÂDallas 2004, no pet.).Â  Baker and Fleming bore the burden of showing
that the bills fit within an exception to the general rule prohibiting the
admission of hearsay evidence. Â Volkswagen of Am., Inc. v. Ramirez, 159 S.W.3d 897, 908 n.5 (Tex. 2004).Â  Although the trial court might be justified
in assuming certain aspects of the four foundational requirements necessary to
establish the bills as business records, there must have been some testimony to
establish the four requirements.Â  Counsel
admitted, ÂI guess IÂm really not sure on how to address that as IÂm not sure
what predicate is necessary for these bills.ÂÂ 
It was error to admit the bills.

Â Â Â Â Â Â Â Â Â Â Â  (C)Â Â Â Â Â Â  Harm Analysis

Â Â Â Â Â Â Â Â Â Â Â  To obtain reversal
for any error arising from erroneous admission of evidence, Good must show that
the error probably resulted in an improper judgment.Â  Interstate
Northborough PÂship, 66 S.W.3d at 220.Â 
To make this determination, we must review the entire record.Â  Nissan
Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004).Â  The complaining party must generally
demonstrate that the Âjudgment turns on the particular evidence admitted.ÂÂ  Id.Â  ÂClearly, erroneous admission is harmless if
it is merely cumulative.ÂÂ  Medina v. Hart, 240 S.W.3d 16, 22 (Tex.
App.ÂCorpus Christi 2007, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  Because
the affidavits were cumulative of the testimony by Baker and FlemingÂs
attorneys regarding reasonableness and necessity of fees, Good cannot meet his
burden to demonstrate that harm came from admitting the affidavits.Â  Rainbo
Baking Co. v. Stafford, 787 S.W.2d 41, 41 (Tex. 1990).Â  The bills, on the other hand, contained a
full itemization of the work done.Â  Thus,
the bills were not merely cumulative of counselÂs testimony.Â  But, from our view of the record, the
presence or absence of itemization was not important to the trial courtÂs
ruling on the attorneysÂ fees.Â  Also, it
is clear that the trial court engaged substantially in analyzing GoodÂs
substantive concerns over the bills and reduced the claim substantially.Â  Finally, the other evidence of attorneysÂ
fees was sufficient to support the award of $62,338.70.Â  We, therefore, conclude that the admission of
the bills was not reasonably calculated to cause and probably did not cause
rendition of an improper judgment.

Â Â Â Â Â Â Â Â Â Â Â  We affirm the
trial courtÂs judgment.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

DISSENTING OPINION

Â Â Â Â Â Â Â Â Â Â Â  This
Âfinal judgmentÂ does two things:Â  (1) it
states the defendants won the jury trial; and (2) it grants the defendants
attorneysÂ fees.Â  That is all it
does.Â  It does not address the merits of
the case.Â  The only indication that this
order is a final judgment is the title.Â 
The jury made a factual determination, but the document has no legal
declaration that such determination authorizes the rendition of a judgment;
none was rendered.Â  

Â Â Â Â Â Â Â Â Â Â Â  Generally
when a trial on the merits is conducted and some parties or causes of action
are not explicitly disposed of in the judgment, it is presumed that those were
essentially abandoned and the judgment is final. Â Vaughn
v. Drennon, 324 S.W.3d 560 (Tex. 2010); Moritz
v. Preiss, 121 S.W.3d 715 (Tex. 2003) (judgment failing to dispose of all
parties presumed final); N. E. Indep. Sch.
Dist. v. Aldridge, 400 S.W.2d
893, 898 (Tex. 1966).Â  But in order to
make such a presumption, there must be a judgment upon which the presumption
may be based.Â  ÂThe Aldridge presumption
of finality does not apply to . . . dispositions that do not adjudicate the
merits of the case, .Â .Â .Â .ÂÂ 
2Â William V. Dorsaneo III, Texas
Litigation Guide Â§ 131.06 (Lexis through 2011).

Â Â Â Â Â Â Â Â Â Â Â  If
a judgment is rendered by merely stating one party prevailed in the jury trial,
why is a judgment even necessary?Â  In
essence, that makes the jury verdict the final judgment.Â  The rule of procedure requires that a
judgment Âgive the party all the relief to which he may be entitled.ÂÂ  Tex.
R. Civ. P. 301.Â  If the jury
verdict entitled the defendants to a legal declaration that plaintiffs take
nothing, they did not receive the relief to which they were entitled.Â  

Â Â Â Â Â Â Â Â Â Â Â  If
there is any doubt as to the finality of the judgment, then the intention of
the court is interpreted by the language of the decree and the entire record,
sometimes aided by the conduct of the parties.Â 
Vaughn, 324 S.W.3d at 563
(citing Lehmann, 39 S.W.3d at
203).Â  The language of the decree should
at least raise a question of the finality of the judgment before we engage in
the presumption that it is.Â  The
determination of the finality is not affected by the trial courtÂs ability to
reconsider the order.Â  ÂIt is the courtÂs
order that counts, not the stated reasons or qualifications.Â  Jampole
v. Touchy, 673 S.W.2d 569, 574 (Tex. 1984) (orig. proceeding), disapproved of on other grounds by Walker v.
Packer, 827 S.W.2d 833, 842 (Tex. 1992). 

Â Â Â Â Â Â Â Â Â Â Â  The
procedural sequence of events does not assist in determining this is a final
judgment. Following the jury trial in September 2009, the attorneysÂ fee hearing
was conducted and this order was entered on December 11, 2009.Â  Even looking at matters outside the order, it
appears that this order was intended as an interlocutory order, reciting that
defendants had won the jury verdict, were entitled to attorneysÂ fees, and
establishing the amount of attorneysÂ fees to be incorporated into a final
judgment.Â  

Â Â Â Â Â Â Â Â Â Â Â  The
majority opinion takes solace in the fact that the trial court denied GoodÂs
motion to modify, correct, or reform the judgment and for judgment notwithstanding
the verdict as support for a conclusion that the attorneysÂ fee order was
really a final judgment.Â  But these
motions do not treat the attorneysÂ fees order as a final judgment.Â  The post-trial motions only involved whether
the attorneysÂ fee order was proper; Good alleged that no pleading supported
the attorneysÂ fee order, no admissible evidence of attorneysÂ fees was
introduced, and the trial court abused its discretion in awarding attorneysÂ
fees.Â  Defendants made several
counter-arguments, but the entire controversy was the propriety of attorneysÂ
fees.Â  GoodÂs only specific prayer in
each motion was that the trial court Âdeny the DefendantsÂ motion for attorneysÂ
feesÂ .Â .Â .Â .Â Â If
anything, these motions and their denial support an inference that the attorneysÂ
fee order was interlocutory and the parties were still attempting to litigate
that issue before ultimately incorporating the attorneysÂ fee finding into a
final judgment.Â  The post-trial motions
and order do not support the argument that the order was an effective final
judgment.Â  

Â Â Â Â Â Â Â Â Â Â Â  Since this order makes no
disposition of the merits of the matter, it is not a final judgment.Â  I dissent to the majority opinion treating it
as one.Â  I would dismiss this proceeding.


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  February 8, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March 25, 2011











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.Â  See Tex.
GovÂt Code Ann. Â§ 73.001 (Vernon 2005).Â 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.Â  See
Tex. R. App. P. 41.3.

Â 





[2]According
to Good, he Âbegan hearing rumorsÂ about secret meetings to discuss the county
jail.Â  Good filed an open records request
seeking, inter alia, Âcopies of any and all documents provided either directly
or indirectly on . . . behalf of Smith County to the Texas Commission on Jail
Standards regarding any and all plans for proposed bond election to be placed
on the November 2008 ballot for vote by Smith County voters.ÂÂ  Before responding to the requests, Baker and
Fleming Âreleased their jail proposal to the press for a possible November 4,
2008 bond election,Â prompting Good to file suit.Â  

Â 





[3]ÂEvery
regular, special, or called meeting of a governmental body shall be open to the
public, except as provided by this chapter.ÂÂ 
Tex. GovÂt Code Ann. Â§ 551.002 (Vernon 2004).Â  ÂA governmental body shall prepare and keep
minutes or make a tape recording of each open meeting of the bodyÂ that Â(1)
state the subject of each deliberation; and (2) indicate each vote, order,
decision, or other action taken.ÂÂ  Tex. GovÂt Code Ann. Â§ 551.021 (Vernon
2004).Â  ÂA governmental body shall give
written notice of the date, hour, place, and subject of each meeting held by
the governmental body.ÂÂ  Tex. GovÂt Code Ann. Â§ 551.041 (Vernon 2004).

Â 





[4]ÂAn
interested person, including a member of the news media, may bring an action by
mandamus or injunction to stop, prevent, or reverse a violation or threatened
violation of this chapter by members of a governmental body.ÂÂ  Tex. GovÂt Code Ann. Â§ 551.142(a) (Vernon
2004).





[5]He
also argues the court did not dispose of the motions for sanctions contained
within Baker and FlemingÂs answer.Â  The
motions for sanctions were denied. 





[6]As
addressed in detail below, the language of the stipulation entered has given
rise to two interpretations.

Â 





[7]In
its findings of fact and conclusions of law, the trial court appears to rely on
both statutes as justification for the attorneysÂ fee award.





[8]ÂThe
court may assess costs of litigation and reasonable attorney fees incurred by a
plaintiff or defendant who substantially prevails in an action under Subsection
(a). Â In exercising its discretion, the
court shall consider whether the action was brought in good faith and whether
the conduct of the governmental body had a reasonable basis in law.ÂÂ  Tex.
GovÂt Code Ann. Â§ 551.142 (Vernon 2004).

Â 





[9]Whether
a pleading is an affirmative claim for relief is determined by the facts
alleged, not by the name given the plea or by the form of the prayer for
relief.Â  DoolinÂs Harley-Davidson, Inc. v. Young, No. 06-05-00101-CV, 2006
WL 27983, at *1 (Tex. App.ÂTexarkana Jan. 6, 2006, no pet.) (mem. op.).Â  The motion for attorneysÂ fees was a claim
for affirmative relief.Â  





[10]Good
did not consider, and thus did not challenge, the allowance of the motion for
attorneysÂ fees to be considered a trial amendment.Â  See
Rocha v. Ahmad, 676 S.W.2d 149, 154 (Tex. App.ÂÂSan Antonio 1984, writ
dismÂd) (ÂThe allowance of a trial amendment, where a defect, fault or omission
is called to the attention of the trial court during trial, will not result in
a reversal in the absence of a plea of surprise, and a request for postponement
or continuance.Â).

Â 





[11]In
their briefing to this Court, both parties cited to the stipulation reserving
the issue of attorneysÂ fees, and argued the issue of trial by consent.Â  Good made the reasonable argument that, since
Baker and Fleming did not have a pleading seeking attorneysÂ fees at the time,
he was stipulating only to the reservation of his attorneysÂ fees.Â  Based
on this theory, Good filed written objections to Baker and FlemingÂs motion for
attorneysÂ fees and urged the trial court not to find trial by consent.Â  Baker and Fleming maintain that, because Good
knew they could be entitled to attorneysÂ fees under TOMA as substantially
prevailing parties, the stipulation reflected an understanding that the issue
of either partyÂs fees would later be tried by consent.Â  We need not resolve this dispute.

Â 





[12]An
award of attorneysÂ fees is entrusted to the sound discretion of the trial
court, subject to the requirements that any fees awarded be reasonable and
necessary, which are matters of fact, and to the additional requirements that
fees be equitable and just, which are matters of law.Â  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); In re Estate of Bean, 206 S.W.3d 749, 763 (Tex. App.ÂTexarkana
2006, pet. denied).

Â 





[13]There
is no challenge to the factual sufficiency of the evidence supporting the
award. 





[14]Smith
County feared that GoodÂs open records requests Âincluded sensitive
security-related information which, if revealed, might potentially place jail
employees and inmates at risk.Â Â Smith
County sought an open records ruling from the Texas Attorney GeneralÂs Office
to determine whether it could withhold the information requested.Â  On October 6, 2008, the attorney general
issued a decision requiring Smith County to respond to GoodÂs requests.Â  Smith County filed suit in Travis County against
the Attorney General to appeal the decision.Â 
Thereafter, Good filed this suit in Smith County against Baker and
Fleming. Â On December 5, 2008, Baker and
Fleming filed a ÂMotion to Abate and Alternative Answer and Request for Disclosure,Â
seeking abatement because Good had intervened in the Travis County litigation
asserting the Âsame allegations.Â Â They
sought imposition of sanctions, which were denied, against Good in the form of
reasonable attorneysÂ fees, complaining that GoodÂs suit was Âpresented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation.ÂÂ  





[15]Baker
and Fleming do not, in their brief, contest the allegation of failure to
disclose Coleman and Bonner.





[16]During
the hearing, the trial court gave Good the opportunity to contest particular
charges in the attorney bills.Â  The
result was agreement by Baker and FlemingÂs counsel, as set forth above, to
remove charges related to the Travis County litigation from the bills.Â  





[17]Concluding
that an error would be harmless is not a valid reason to commit the error.